1
2
3
4
5
6
7
8
9
10
11

THE UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

12   BRYCE L. SPANGLER,

13          Plaintiff,                          NO.  12-CV-1196-RAJ-JPD

14      vs.                                     DEFENDANTS' MOTION TO DISMISS
                                                UNDER FRCP 12(b)(6)
15   CHARLIE WEND, et al.,

16          Defendants.                         **NOTE FOR SEPTEMBER 21, 2012**

17

18

19          COMES NOW defendants and move the court for an order dismissing Spangler's

20   complaint for failure to state a claim upon which relief may be granted. Defendants aver that

21   Spangler's allegation that the defendants retaliated against him for exercising his right to

22   defend himself in a criminal complaint is a collateral attack on his conviction that is not

23   presently cognizable under 42 U.S. C. § 1983. Thus, Spangler fails to state a claim upon which

24   relief can be granted. See FRCP 12(b)(6).

25

26

Motion to Dismiss: C12-1196-RAJ-JPD            1

## I.   ISSUES

1.      Do the issues and allegations raised by Spangler's complaint – that the defendants made conditions so horrendous for Spangler that he gave up his effort to defend himself and pled guilty to charges he was not guilty of – implicate the validity of his conviction and confinement?

2.      If so, Should Spangler's complaint be dismissed?

## II.   FACTS

Spangler's complaint alleges that while he was detained in the Skagit County Jail between December 2010 and June 2011 and between January 2012 and May 2012, he was subjected to such egregious unconstitutional retaliation for exercising his right to defend himself that he "gave up & took 5 years for some things im (sic) not guilty of." Doc. 8 at 7 (Civil Rights Complaint by a Prisoner under 42 U.S.C. § 1983). Specifically, Spangler alleges retaliation for "exercising my Constitutional right under Faretta to represent myself in charges leveled against me." Doc. 8 at 2-4. In support of this claim, Spangler variously alleges:

(1) Being denied access to magazines. Doc. 8 at 4.

(2) Being housed in the "hole" with inmates who were sociopathic, schizophrenic, (sic) & crazy" where the "scream[ing], yell[ing], bang[ing] . . . drives you as crazy as them . . . making you unable to sleep & want to be violent & yell and bang also after a few nights." Doc. 8 at 5.

(3) Being housed in a "grey"(crisis) room while being punished where the conditions were "so disgusting & dehumanizing it is not right." Doc. 8 at 5-6.

(4) Being housed with "sociopaths, murders, schytzophrenics (sic) & guys with parking tickets" and "with many unstable inmates," which caused mental changes in the "pschyci (sic) of [his] core." Doc. 8 at 6.

Motion to Dismiss: C12-1196-RAJ-JPD                    2

1   (5) Being prevented from writing to the "courts of Appeals, the federal courts, attorneys

2   to ask help or advice, the Bar association or Commision (sic) of Judicial Conduct." Doc. 8 at 6.

3   (6) Being denied unrestricted access to law books and eventually being limited to use of

4   such books in a stuffy room. Doc. 8 at 7.

5   Spangler is presently incarcerated at the Washington Corrections Center in Shelton,

6   Washington, where he is serving time on his convictions. Doc. 8 at 2.

### III.   EVIDENCE RELIED ON

7

8   This motion is based on Spangler's civil rights complaint, Civil Rights Complaint by a

9   Prisoner under 42 U.S.C. § 1983, filed July 31, 2012. Doc. 8.

10  ### IV.   AUTHORITY AND ANALYSIS

11  In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i)

12  that he suffered a violation of rights protected by the Constitution or created by federal statute

13  and (ii) that the violation was proximately caused by a person acting under color of law. See

14  Compton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is

15  satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in

16  another's affirmative act, or omitted to perform an act which he was legally required to do that

17  caused the deprivation complained of. Arnold v. IBM, 637 f.2D 1350, 1355 (9TH Cir. 1981)

18  (quoting Johnson v. Duffy, 588 F2d 740, 743-44 (9th Cir. 1978)).

19  However, "a convicted person [may not] seek damages on any theory that implies that

20  his conviction was invalid without first getting the conviction set aside" Hoard v. Reddy, 175

21  F.3d 531, 532-33 (7th Cir. 1999) citing Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129

22  L.Ed.2d 383 (1994).

23  Here, Spangler implies that his conviction was invalid because four employees at the

24  Skagit County Jail intentionally violated his constitutional rights in a way that made conditions

25  so intolerable for him that he "gave up" and pled guilty to charges he was "not guilty of." Doc.

26

Motion to Dismiss: C12-1196-RAJ-JPD                3

1   8 at 7. If Spangler's allegations were true, then his pleas of guilty were unlawfully coerced and

2   were not knowing and voluntary. Thus, should Spangler prevail before the U. S. District Court,

3   his conviction would be subject to reversal. In effect, Spangler is seeking damages for

4   constitutional violations that, if true, would negate his conviction.

5   **A.    § 1983 may not be used to recover damages for alleged violations of civil rights when the issues raised directly implicate the legality of a petitioner's confinement.**

6
7
8
9
10

> [I] order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness
> would render a conviction or sentence invalid, a § 1983 plaintiff must
> prove that the conviction or sentence has been reversed on direct appeal,
> expunged by executive order, declared invalid by a state tribunal
> authorized to make such determination, or called into question by a
> federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

11   Heck, 512 U.S. at 486-87 (footnote omitted).

12        Heck, after conviction and while his appeal was pending, sought damages from an

13   investigating officer and two prosecutors on grounds that the respondents "acting under color

14   of state law, had engaged in unlawful acts that had  led to his arrest and conviction." Heck, 512

15   U.S. at 477. Specifically,

16
17
18
19
20

> The complaint alleged that respondents, acting under color of state law,
> had engaged in an "unlawful, unreasonable, and arbitrary investigation"
> leading to petitioner's arrest; "knowingly destroyed" evidence "which was
> exculpatory in nature and could have proved [petitioner's] innocence";
> and caused "an illegal and unlawful voice identification procedure" to be
> used at petitioner's trial. The complaint sought, among other things,
> compensatory and punitive monetary damages. It did not ask for
> injunctive relief, and petitioner has not sought release from custody in this
> action.

21
22   Heck, 512 U.S. at 479 (citations to record omitted). "The District Court dismissed [Heck's]

23   action, because the issues it raised 'directly implicate the legality of [petitioner's]

24   confinement[.]' " Heck, 512 U.S. at 479. The U. S. Supreme Court affirmed, clarifying that

25   such claims are not cognizable under § 1983. Heck, 512 U.S. at  483 ("The issue with respect

26   to monetary damages challenging conviction is not, it seems to us, exhaustion; but rather, the

PROSECUTING ATTORNEY
OF SKAGIT COUNTY
605 South Third Street
Mt. Vernon, Washington 98273
360-336-9460

1    same as the issue was with respect to injunctive relief challenging conviction in Preiser [v.

2    Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)]: whether the claim is

3    cognizable under § 1983 at all. We conclude that it is not.")

4          Thus, the "broad rule of Heck is that a plaintiff convicted of a crime in state court

5    cannot bring a §1983 claim which, if successful, would imply that his conviction was invalid,

6    unless and until the conviction has been reversed on appeal or otherwise invalidated."

7    Reynolds v. Jamison, 488 F.3d 756, 766–67 (7th Cir.2007).

8    **B.    Spangler's issues and allegations directly implicate the legality of his conviction
          and ongoing confinement.**

9

10         As in Heck, Spangler's claims go to the very heart of the validity of his conviction,

11   which has not been reversed on appeal or otherwise invalidated.

         Spangler's complaint alleges that he was sentenced to five years confinement after
12
     harassment and ill-treatment wore him down and forced him to give up and plead guilty to
13
     crime he did not commit. Doc. 8 at 7. Spangler alleges that the harassment was pervasive and
14
     broad, including being (1) denied access to information about current events, (2) held in
15
     medieval conditions, (3) denied basic necessities, (4) confined with the dregs of human society,
16
     (5) denied access to the courts and legal materials, etc.
17
           If these allegations were true, one must necessarily conclude that Spangler's plea, as he
18
     alleges, was involuntary and his conviction is subject to reversal. A court must allow a
19
     defendant to withdraw a guilty plea if withdrawal appears necessary to correct a "manifest
20
     injustice." Washington Court Rule CrR 4.2(f). "A manifest injustice exists where the plea was
21
     not voluntary. " State v. Marshall, 144 Wn.2d 266, 281, 27 P.3d 192 (2001). See In re Pers.
22
     Restraint of Isadore, 151 Wn.2d 294, 297, 88 P.3d 390 (2004) ("Due process requires that a
23
     defendant's guilty plea be knowing, voluntary, and intelligent.") The alleged harassment
24
     would, if true, be the worst sort of coercion and would render Spangler's guilty plea
25

26

Motion to Dismiss: C12-1196-RAJ-JPD                    5

1 | involuntary. See <u>State v. Frederick</u>, 100 Wn.2d 550, 556, 674 P.2d 136 (1983) ("[C]oercion

2 | may render a guilty plea involuntary, irrespective of the State's involvement.")

3 |     Several cases provide that coerced confessions and unfair treatment fall under the <u>Heck</u>

4 | rule.

5 |     In <u>Hoard v. Reddy</u>, 175 F.3d 531, 532 (7th Cir. 1999), Hoard brought suit under 42

6 | U.S.C. § 1983 against various officials of Cook County, Illinois, seeking damages for their

7 | having violated his constitutional right of access to the courts by hindering his efforts to litigate

8 | a state-court collateral attack on his conviction. The <u>Hoard</u> court held that even if the

9 | defendants had in fact hindered Hoard's access to the court, he had no remedy under § 1983

10 | because he had remedies that would allow him to appeal his conviction. ) Thus, a prisoner is

11 | barred from seeking damages for denial of access to the courts until his conviction is

12 | overturned or invalidated. <u>Hoard v. Reddy</u>, 175 F.3d at 534.

13 |     The court's decision in <u>Hamilton v. Lyons</u>, 74 F.3d 99, 103 (5th Cir. 1996) is also

14 | instructive. In that case, Hamilton alleged that he was coerced through the use of jail

15 | conditions to make an incriminating statement that led to his conviction:

> Hamilton alleges that Lyons violated his constitutional rights by using the conditions of Hamilton's confinement in the DeSoto City Jail in order to coerce him to give a statement. Statements obtained through either physical or psychological coercion of a defendant in police custody violate that defendant's Fifth Amendment privilege against self-incrimination, and thus cannot be used against him at trial. If we were to find that Lyons coerced Hamilton to give a statement concerning the charges pending against him, that judgment would necessarily imply the invalidity of his subsequent convictions and sentences on those charges. *See Harryman v. Estelle,* 616 F.2d 870, 875 n. 12 (5th Cir.) (noting that prosecutorial use of involuntary statements can never be treated as harmless error), *cert. denied,* 449 U.S. 860, 101 S.Ct. 161, 66 L.Ed.2d 76 (1980). Thus, *Heck* bars this claim unless Hamilton proves that his convictions or sentences have been reversed, expunged, invalidated, or otherwise called into question. Since Hamilton has not made such a showing, this claim is legally frivolous. Accordingly, the district court did not err in dismissing the claim under § 1915(d).

PROSECUTING ATTORNEY
OF SKAGIT COUNTY
605 South Third Street
Mt. Vernon, Washington 98273
360-336-9460

1  Hamilton v. Lyons, 74 F.3d at 103 (Miranda citation omitted). Also see Walden v. City of

2  Chicago, 391 F.Supp.2d 660, 675 (N.D.Ill.2005) ("Since Plaintiff's well-pleaded complaint

3  contains allegations sufficient to conclude that his conviction was based primarily on his

4  coerced confession and alleged acts directly related to it," plaintiff could not have challenged

5  his "coerced interrogation without impugning his conviction."); Patterson v. Burge, 328

6  F.Supp.2d 878, 897 (N.D.Ill.2004) ("Since Patterson's conviction rested almost entirely on his

7  involuntary confession, and at most on his involuntary confession plus the coerced testimony

8  of a 16 year-old girl, the court concludes that Patterson could not have challenged defendants'

9  act of torturing him and fabricating his confession without necessarily implying the invalidity

10  of his conviction.")

11      Such precedent necessarily applies to allegedly coerced guilty pleas. Even if the issue

12  presented here is not exactly identical to the issues arising from cases involving coerced

13  confessions and denial of access to the court, the effect is the same – the coercion implicates

14  the validity of the conviction and confinement.

15      Because Spangler's issues and allegations, if true, call into direct question the

16  voluntariness of his guilty plea and thereby implicate the legality of his confinement, the court

17  should dismiss Spangler's complaint. See Nance v. Vieregge, 147 F.3d 589, 591 (7th Cir.1998)

18  ("the holding of [Lewis v. Casey, 518 U.S. 343, 353, 116 S. Ct. 2174, 2181, 135 L. Ed. 2d 606

19  (1996)] that a claim based on deprivation of access to the courts requires proof of concrete

20  injury, combined with the holding of Heck, means that a prisoner in [plaintiff's] position must

21  have the judgment annulled before damages are available.")[1]

22  _____

23

24  [1] Spangler also seeks an injunction to stop the practices he alleges caused him to give up on his own defense. An injunction is not available as a remedy in this matter because the court would have to consider the merits of

25

26

PROSECUTING ATTORNEY
OF SKAGIT COUNTY
605 South Third Street
Mt. Vernon, Washington 98273
360-336-9460

## V.   CONCLUSION

The court should find dismiss Spangler's complaint because he has failed to state a claim that is presently cognizable under 42 U.S.C. § 1983.

DATED this _____ day of _____, 2012.

RICHARD A. WEYRICH
SKAGIT COUNTY PROSECUTING ATTORNEY


_____
A. O. DENNY, WSBA No. 14021
Attorney for Defendants

Spangler's civil rights allegations to grant an injunction. See Half Moon Bay Fishermans' Mktg. Ass'n v. Carlucci, 857 F.2d 505, 507 (9th Cir. 1988) (One element for granting preliminary injunction is probability of success on the merits). Such consideration is precluded by Heck.

PROSECUTING ATTORNEY
OF SKAGIT COUNTY
605 South Third Street
Mt. Vernon, Washington 98273
360-336-9460

CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee of Skagit County Prosecuting Attorney's Office, and is a person of such age and discretion as to be competent to serve papers.

August 21, 2012, he caused to have electronically filed:

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(6)
(Note for September 21, 2012) with ORDER (PROPOSED)

with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following parties/attorneys, as follows:

N/A

and which service has also been given to the Plaintiff, pro se, via U.S. Postal Service First Class Mail, also on August 21, 2012.

Bryce L. Spangler #316927
Washington Corrections Center
PO Box 900
Shelton, WA 98584

SKAGIT COUNTY PROSECUTING ATTORNEY

By s/ A.O. DENNY
A.O. DENNY, Civil Deputy
WSBA #14021
Attorney for Defendants Charlie Wend,
Todd L. Hines, Brian Schrader, & Juanita O'Neill

Certificate of Service

SKAGIT COUNTY PROSECUTING ATTORNEY
605 S. 3rd St. -- Courthouse Annex
Mount Vernon, WA 98273
Phone:  (360) 336-9460
Fax:   (360) 336-9497