1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14
15

| | |
|---|---|
| BRYCE L. SPANGLER,<br><br>   Plaintiff,<br><br>  v.<br><br>CHARLIE WEND, *et al.*,<br><br>   Defendants. | Case No.  C12-1196-RAJ-JPD<br><br>REPORT AND RECOMMENDATION RE: DEFENDANTS' HECK-BASED MOTION TO DISMISS AND OTHER MOTIONS |

16

## I.  BACKGROUND AND SUMMARY

17
18
19
20
21
22
23
24

   In his original 42 U.S.C § 1983 complaint, *pro se* plaintiff Bryce L. Spangler alleged constitutional violations of **(1)** his First Amendment right to access books and magazines; **(2)** his Fourteenth Amendment right as a pretrial detainee to conditions of confinement that do not constitute punishment; and **(3)** his First and Fourteenth Amendment right to access the courts to represent himself in a criminal manner.  (Dkt. 8.)  Defendants Chief Charlie Wend, Sergeants Brian Schraeder and Juanita O'Neil, and Corrections Officer Todd Hienz are employees of Skagit County Jail, where Mr. Spangler was detained prior to his guilty-plea conviction and subsequent incarceration in state prison.

25
26

REPORT AND RECOMMENDATION RE:
DEFENDANTS' HECK-BASED MOTION TO
DISMISS AND OTHER MOTIONS
PAGE - 1

1    The parties bring a number of motions.  The Court recommends **(1) GRANTING IN-**

2    **PART** and **DENYING IN-PART** defendants' motion to dismiss on the basis of *Heck v.*

3    *Humphrey*, 512 U.S. 477 (1994), because only Mr. Spangler's access-to-the-courts claim is

4    *Heck*-barred (**Dkt. 15**); **(2) GRANTING** defendants' motion to stay discovery pending

5    resolution of an impending motion to dismiss on the basis of qualified immunity (**Dkt. 29**);

6    **(3) DENYING** as moot plaintiff's motion to compel discovery (**Dkt. 38**); **(4) GRANTING**

7    plaintiff's motion to amend to omit the *Heck*-barred access-to-the-courts claim (**Dkt. 33**); and

8    **(5) DENYING** plaintiff's motion for a preliminary injunction as moot and for absence of

9    authority as a *pro se* litigant to raise the claims of others (**Dkt. 37**).  The Clerk should be

10   **DIRECTED** to file the document located at **Docket 33-1** as the amended complaint.

11                                    **II.  DISCUSSION**

12   **A.      Defendants' Motion to Dismiss All Claims as *Heck*-Barred (Dkt. 15)**

13           Defendants argue that all of Mr. Spangler's claims should be dismissed as *Heck*-barred

14   because they stem from a single set of facts: harsh conditions at Skagit County Jail

15   unconstitutionally limited Mr. Spangler's access to the courts and therefore rendered

16   involuntary his self-represented guilty plea to criminal charges.  (Dkt. 15.)  Although the Court

17   finds that Mr. Spangler's access-to-the-courts claim is *Heck*-barred, the same does not hold

18   true for the other claims.

19           In *Heck*, the United States Supreme Court held:

20           [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must
             consider whether a judgment in favor of the plaintiff would *necessarily* imply
21           the invalidity of his conviction or sentence; if it would, the complaint must be
             dismissed unless the plaintiff can demonstrate that the conviction or sentence
22           has already been invalidated.

23   *Heck*, 512 U.S. at 487 (emphasis added).

24           As Mr. Spangler appears to acknowledge in his response to the motion to dismiss (Dkt.

25   32) and motion to amend (Dkt. 33), *Heck* bars consideration of his access-to-the-courts claim.

26
     REPORT AND RECOMMENDATION RE:
     DEFENDANTS' HECK-BASED MOTION TO
     DISMISS AND OTHER MOTIONS
     PAGE - 2

1    In his original complaint, Mr. Spangler argued that Skagit County Jail conditions were so harsh

2    and restrictive that "I gave up & took 5 years for some things [I]'m not guilty of."  (Dkt. 8, at

3    7.)  A decision in Mr. Spangler's favor on any claim that he was unable to adequately prepare a

4    defense to his criminal charges because of the conditions of his confinement in the segregation

5    unit, or because of defendants' failure to provide him with less-restrictive library access, would

6    necessarily call into the question the voluntary nature of Mr. Spangler's guilty plea and the

7    lawfulness of his conviction.  *See Lopez v. Skagit County*, 2010 WL 771932 (W.D. Wash. Mar.

8    2, 2010), *aff'd*, 2011 WL 3585611 (9th Cir. Aug. 16, 2011); *see also Pineda v Nevada Dep't of

9    Prisons*, 211 WL 5907441 (9th Cir. Nov. 28, 2011) ("The district court properly granted

10   summary judgment on Pineda's access-to-courts and access-to-counsel claims because the

11   success of these claims would necessarily imply the invalidity of Pineda's conviction or

12   sentence, which have not been previously invalidated.").  As nothing in the record suggests

13   that his conviction has been invalidated, Mr. Spangler's access-to-the-courts claim has not yet

14   accrued and is not cognizable in this proceeding.

15       The success of Mr. Spangler's other claims—alleged violations of his rights to access

16   books and magazines and to be free from conditions of confinement that amount to

17   "punishment"—would *not*, however, necessarily imply the invalidity of Mr. Spangler's

18   conviction and are therefore *not Heck*-barred.  First, "[i]t is well settled that the First

19   Amendment protects the flow of information to prisoners; any limitation must reasonably

20   relate to a legitimate penological interest."  *See Crofton v. Roe*, 170 F.3d 957, 959 (9th Cir.

21   1999).  The Court cannot discern, and defendants do not describe, why Mr. Spangler's

22   freestanding claim regarding his claimed  violation of his First Amendment right to books and

23   magazines is *Heck*-barred.  Second, "[n]othing in . . . *Heck* [and its related cases] holds that

24   prisoners challenging the conditions of their confinement are automatically barred from

25   bringing suit under § 1983 without first obtaining a writ of habeas corpus."  *Ramirez v. Galaza*,

26

REPORT AND RECOMMENDATION RE:
DEFENDANTS' HECK-BASED MOTION TO
DISMISS AND OTHER MOTIONS
PAGE - 3

334 F.3d 850, 856 (9th Cir. 2003).  The Court declines defendants' invitation to apply the

*Heck*-bar to any allegations of prison conditions so harsh as to render self-representation

impossible.  To find otherwise would be to immunize atypical and significant prison hardships

entirely because their extreme nature might also eviscerate other rights traditionally addressed

in habeas proceedings.

The Court recommends granting in-part defendants' *Heck*-based motion to dismiss and

dismissing without prejudice Mr. Spangler's access-to-the-courts claim.  (Dkt. 15.)  The Court

recommends denying defendants' *Heck*-based motion to dismiss Mr. Spangler's other claims.

**B.      Defendants' Motion to Stay Discovery (Dkt. 29)**

Defendants move to stay responding to Mr. Spangler's request for documents and

admissions because if their *Heck*-based motion to dismiss is denied they will move to dismiss

on the basis of qualified immunity.  (Dkt. 29.)  Defendants argue that until their motion on

qualified immunity is resolved, discovery is not warranted.  *See Harlow v. Fitzgerald*, 457 U.S.

800, 818–19 (1982) ("Until this threshold immunity question is resolved, discovery should not

be allowed.").  Defendants also note that they provided Mr. Spangler with relevant discovery

in the form of Mr. Spangler's Jail Log, which was attached to defendants' opposition to a

motion to appoint counsel.  (*See* Dkt. 20-1.)

The Court agrees with defendants and recommends granting defendants' motion to stay

discovery until the question of qualified immunity is fully resolved.  (Dkt. 29.)

**C.      Plaintiff's Motion to Compel Discovery (Dkt. 38)**

The Court recommends denying as moot Mr. Spangler's motion to compel discovery.

(Dkt. 38.)  He may renew this motion if defendants are denied qualified immunity and have

refused to provide documents or admissions.

REPORT AND RECOMMENDATION RE:
DEFENDANTS' HECK-BASED MOTION TO
DISMISS AND OTHER MOTIONS
PAGE - 4

**D.    Plaintiff's Motion to Amend the Complaint (Dkt. 33)**

For the reasons set forth earlier, the Court recommends granting Mr. Spangler's motion to amend his complaint to omit the access-to-the-courts claim.  (Dkt. 33.)  The Clerk should be directed to file the document located at Docket 33-1 as the amended complaint.

**E.    Plaintiff's Motion for a Preliminary Injunction (Dkt. 37)**

The Court recommends denying plaintiff's motion for a preliminary injunction to force Skagit County Jail to permit books and magazines to those in segregation and to alter the conditions of confinement.  The motion is moot because Mr. Spangler was transferred out of Skagit County Jail before he filed his present complaint.  Moreover, Mr. Spangler has not named Skagit County Jail as a defendant and has no authority as a *pro se* litigant raise claims on behalf of others than himself.  *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

## III.  CONCLUSION

The Court recommends **(1) GRANTING IN-PART** and **DENYING IN-PART** defendants' *Heck*-based motion to dismiss this matter and dismissing only Mr. Spangler's access-to-the-courts claim without prejudice as *Heck*-barred (**Dkt. 15**); **(2) GRANTING** defendants' motion to stay discovery pending resolution of an impending motion to dismiss on the basis of qualified immunity (**Dkt. 29**); **(3) DENYING** plaintiff's motion to compel discovery (**Dkt. 38**); **(4) GRANTING** plaintiff's motion to amend to omit the *Heck*-barred, access-to-the-courts claim (**Dkt. 33**); and **(5) DENYING** plaintiff's motion for a preliminary

//

//

//

//

//

REPORT AND RECOMMENDATION RE:
DEFENDANTS' HECK-BASED MOTION TO
DISMISS AND OTHER MOTIONS
PAGE - 5

injunction as moot and for absence of authority as a *pro se* litigant to raise the claims of others

(**Dkt. 37**).  The Clerk should be **DIRECTED** to file the document located at **Docket 33-1** as

the amended complaint.

DATED this 22nd day of January, 2013.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION RE:
DEFENDANTS' HECK-BASED MOTION TO
DISMISS AND OTHER MOTIONS
PAGE - 6