THE UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRYCE L. SPANGLER,

        Plaintiff,

    vs.

CHARLIE WEND, et. al.,

        Defendants.

NO.  C12-1196-RAJ-JPD

DECLARATION OF JUDY KIESSER IN
SUPPORT OF MOTION FOR SUMMARY
JUDGMENT

JUDY KIESSER declares:

    I am over the age of 18 years and competent to testify regarding the matters asserted herein. I work for the Skagit County Prosecutor's Office. I have worked for Skagit County as a legal assistant for nineteen years and am familiar with the office's computer system, including e-mail management and the retrieval of archived records including records maintained by the the Skagit County Prosecutor's Office.

    I make the following declaration based upon my own personal knowledge:

    The following documents are true and accurate copies of records from  files maintained by the Skagit County Prosecutor's Office:

Declaration of Kiesser:
C12-1196-RAJ-JPD

1

1    Exhibit 1.  Felony Judgment and Sentence, filed May 4, 2012, State v. Spangler,

2 Skagit County Superior Court cause no. 11-1-00772-2.

3    Exhibit 2.  Skagit County Jail Multi-Purpose Request Form from Inmate Spangler

4 dated January 25, 2012.

5    Exhibit 3.  Skagit County Jail Multi-Purpose Request Form from Inmate Spangler

6 dated February 4, 2012.

7    Exhibit 4.  Statement of Defendant on Plea of Guilty, filed January 20, 2012, State

8 v. Spangler, Skagit County Superior Court cause no. 11-1-00772-2.

9    Exhibit 5.  Clerk's Minutes, filed February 3, 2012, State v. Spangler, Skagit

10 County Superior Court cause no. 11-1-00772-2.

11    Exhibit 6.  Letter from Inmate Spangler filed February 27, 2012.

12    Exhibit 7.  Letter from Inmate Spangler filed April 23, 2012.

13    Exhibit 8.  Statement of Defendant on Plea of Guilty, filed April 26, 2012, State v.

14 Inmate Spangler, Skagit County Superior Court cause no. 11-1-00772-2.

15    Exhibit 9.  Claim for Damages filed February 24, 2012.

16    Exhibit 10.  Declaration of Gary Shand, dated August 3, 2009, Lopez v. Skagit

17 County, U.S. District Court cause no. CV08-992-RSL-BAT.

18    Exhibit 11.  Motion for Conflicting Out Standbye Counsel, filed April 18, 2012,

19 State v. Spangler, Skagit County Superior Court cause no. 11-1-00772-2.

20

21    I declare under penalty of perjury under the laws of the State of Washington that the

22 foregoing is true and correct to the best of my knowledge.

23   Dated this _24th_ day of _April_____, 2013 at Mount Vernon, Washington.

24

25       _Judy Kiesser_____
         JUDY KIESSER

26

---

Declaration of Kiesser:      2
C12-1196-RAJ-JPD



FILED
SKAGIT COUNTY CLERK
SKAGIT COUNTY, WA

2012 MAY -4 PM 2: 06

# Superior Court of Washington
# County of Skagit

| | |
|---|---|
| State of Washington,  Plaintiff,<br><br>vs.<br><br>BRYCE LEROY SPANGLER,<br>Defendant.<br><br>SID: WA23260718<br>DOB: 12/02/1989<br>Agency No: SCSO 11-03308 / SWPD 11-W07316 / MVPD 11-M19490 / SCSO 12-02473 | No. 11-1-00772-2<br><br>Felony Judgment and Sentence – (FJS) Prison<br><br>[ ] Restitution Hearing Set  6/29/12<br>[X]  Clerk's Action Required, para 2.1, 4.1, 4.3, 5.2,<br>      5.3, 5.5 and 5.7<br>[ ] Defendant Used Motor Vehicle |

## I. Hearing

1.1 The court conducted a sentencing hearing this date; the defendant, the defendant's lawyer, and the senior deputy prosecuting attorney were present.

## II. Findings

2.1  **Current Offenses**: The defendant is guilty of the following offenses, based upon plea, on 04/26/2012:  **Prison Riot** - RCW 9.94.010 - Class B Felony; RCW 9.94.010, Count I; DOV: 03/08/2011
**Bail Jumping** - Class B Felony Court Appearance - For Crimes Committed On or After July 1, 2001; RCW 9A.76.170(3)(c), Count II; DOV: 10/07/2011
**Identity Theft in the Second Degree** - (crimes committed on or after June 12, 2008) - RCW 9.35.020(3) - Class C Felony; RCW 9.35.020(3), Count III; DOV: 11/01/2011
**Possession of a Controlled Substance Other Than Marijuana - Heroin** - RCW 69.50.4013 - Class C Felony; RCW 69.50.4013, Count IV; DOV: 12/05/2011
**Theft in the Third Degree** - RCW 9A.56.050 - Gross Misdemeanor; RCW 9A.56.050, Count V; DOV: 12/05/2011
**Intimidating a Public Servant** - RCW 9A.76.180 - Class B Felony; RCW 9A.76.180, Count VI; DOV: 02/23/2012
**Harassment - Threats to Kill** - RCW 9A.46.020(1) and (2)(b) - Class C Felony; RCW 9A.46.020(1) and (2)(b), Count VII; DOV: 02/23/2012
as charged in the Fifth Amended Information.

(If the crime is a drug offense, include the type of drug.)
[ ] Additional current offenses are attached in Appendix 2.1a.

*Felony Judgment and Sentence (FJS) (Prison) (Nonsex Offender)*
*(RCW 9.94A.500, .505)(WPF CR 84.0400 (12/2011)*          Page 1 of 10

Exhibit 1

The jury returned a special verdict or the court made a special finding with regard to the following:

[ ] The defendant used a **firearm** in the commission of the offense in Count _____. RCW 9.94A.602, 9.94A.533.

[ ] The defendant used a **deadly weapon other than a firearm** in committing the offense in Count _____ _____. RCW 9.94A.602, 9.94A.533.

[ ] Count _____, **Violation of the Uniform Controlled Substances Act (VUCSA)**, RCW 69.50.401 and RCW 69.50.435, took place in a school, school bus, within 1000 feet of the perimeter of a school grounds or within 1000 feet of a school bus route stop designated by the school district; or in a public park, public transit vehicle, or public transit stop shelter; or in, or within 1000 feet of the perimeter of a civic center designated as a drug-free zone by a local government authority, or in a public housing project designated by a local governing authority as a drug-free zone.

[ ] The defendant committed a crime involving the manufacture of methamphetamine, including its salts, isomers, and salts of isomers, **when a juvenile was present in or upon the premises of manufacture** in Count _____. RCW 9.94A.605, RCW 69.50.401, RCW 69.50.440.

[ ] Count _____ is a **criminal street gang**-related felony offense in which the defendant compensated, threatened, or solicited a **minor** in order to involve that minor in the commission of the offense. RCW 9.94A.833.

[ ] Count _____ is the crime of **unlawful possession of a firearm** and the defendant was a **criminal street gang** member or associate when the defendant committed the crime. RCW 9.94A.702, 9.94A._____.

[ ] The defendant committed [ ] **vehicular homicide** [ ] **vehicular assault** proximately caused by driving a vehicle while under the influence of intoxicating liquor or drug or by operating a vehicle in a reckless manner. The offense is, therefore, deemed a violent offense. RCW 9.94A.030.

[ ] Count _____ involves **attempting to elude** a police vehicle and during the commission of the crime the defendant endangered one or more persons other than the defendant or the pursuing law enforcement officer. RCW 9.94A.834.

[ ] In Count _____ the defendant has been convicted of **assaulting a law enforcement officer** or other employee of a law enforcement agency who was performing his or her official duties at the time of the assault, as provided under RCW 9A.36.031, and the defendant intentionally committed the assault with what appeared to be a firearm. RCW 9.94A.831, 9.94A.533.

[ ] Count _____ is a felony in the commission of which the defendant used a **motor vehicle**. RCW46.20.285.

[ ] The defendant has a **chemical dependency** that has contributed to the offense(s). RCW 9.94A.607.

[ ] In Count _____, assault in the 1st degree (RCW 9A.36.011) or assault of a child in the 1st degree (CRW 9A.36.120), the offender used force or means likely to result in death or intended to kill the victim and shall be subject to a mandatory minimum term of 5 years (RCW 9.94A.540).

[ ] For the crime(s) charged in Count _____, **domestic violence** was pled and proved. RCW 10.99.020.

[ ] Counts _____ encompass the same criminal conduct and count as one crime in determining the offender score. RCW 9.94A.589.

[ ] **Other current convictions listed under different cause numbers used in calculating the offender score** are (list offense and cause number):

| | Crime | Cause Number | Court (county & state) | DV* Yes |
|---|---|---|---|---|
| 1. | None | | | |
| 2. | | | | |

* DV: Domestice Violence was pled and proved.

[ ] Additional current convictions listed under different cause numbers used in calculating the offender score are attached in Appendix 2.1b.

## 2.2  Criminal History (RCW 9.94A.525):

| | Crime | Date of Crime | Date of Sentence | Sentencing Court (County & State) | A or J Adult, Juv | Type of Crime | DV* Yes |
|---|---|---|---|---|---|---|---|
| 1 | Theft 2 | 12/21/10 | | Skagit Co., WA | A | C | |
| 2 | Malicious Mischief | 10/27/08 | | Skagit Co., WA | A | B | |

*Felony Judgment and Sentence (FJS) (Prison) (Nonsex Offender)*
*(RCW 9.94A.500, .505)(WPF CR 84.0400 (12/2011)*                    Page 2 of 10

| 3 | Residential Burglary | 01/30/08 | | Skagit Co., WA | A | B |
| 4 | Residential Burglary | 01/25/08 | | Skagit Co., WA | A | B |
| 5 | Theft of a Firearm | 01/25/08 | | Skagit Co., WA | A | B |

* DV: Domestice Violence was pled and proved.
[ ] Additional criminal history is attached in Appendix 2.2.
[ ] The defendant committed a current offense while on community placement/community custody (adds one point to score). RCW 9.94A.525.

[ ] The prior convictions listed as number(s) _____, above, or in appendix 2.2, are one offense for purposes of determining the offender score  (RCW 9.94A.525)

[ ] The prior convictions listed as number(s) _____, above, or in appendix 2.2, are not counted as points but as enhancements pursuant to RCW 46.61.520.

## 2.3  Sentencing Data:

| Count No. | Offender Score | Seriousness Level | Standard Range (not including enhancements) | Plus Enhancements * | Total Standard Range (including enhancements) | Maximum Term |
|---|---|---|---|---|---|---|
| 1 | 10 | Unranked | 0-12 months | | 0-12 months | 10 yrs/$20,000 |
| 2 | 10 | III | 51-60 months | | 51-60 months | 5 yrs/$10,000 |
| 3 | 10 | II | 43-57 months | | 43-57 months | 5 yrs/$10,000 |
| 4 | 10 | I | 6+-18 months | | 6+-18 months | 5 yrs/$10,000 |
| 5 | N/A | N/A | 0-364 days | | 0-364 days | 364 days/$5,000 |
| 6 | 10 | III | 51-68 months | | 51-68 months | 10 yrs/$20,000 |
| 7 | 10 | III | 51-60 months | | 51-60 months | 5 yrs/$10,000 |

*   (F) Firearm, (D) Other deadly weapons, (V) VUCSA in a protected zone, (VH) Veh. Hom, see RCW 46.61.520, (JP) Juvenile present, (CSG) criminal street gang involving minor, (AE) endangerment while attempting to elude.
[ ] Additional current offense sentencing data is attached in Appendix 2.3.
For violent offenses, most serious offenses, or armed offenders, recommended **sentencing agreements or plea agreements** are [ ] attached  [ ] as follows: _____

## 2.4  [ ]  Exceptional Sentence.  The court finds substantial and compelling reasons that justify an exceptional sentence:
[ ] below the standard range for Count(s) _____.
[ ] above the standard range for Count(s) _____
   [ ] The defendant and state stipulate that justice is best served by imposition of the exceptional sentence above the standard range and the court finds the exceptional sentence furthers and is consistent with the interests of justice and the purposes of the sentencing reform act.
   [ ] Aggravating factors were [ ] stipulated by the defendant, [ ] found by the court after the defendant waived jury trial, [ ] found by jury, by special interrogatory.
[ ] within the standard range for Count(s) _____, but served consecutively to Count(s) _____.
Findings of fact and conclusions of law are attached in Appendix 2.4.  [ ] Jury's special interrogatory is attached.
The Prosecuting Attorney [ ] did  [ ] did not recommend a similar sentence.

---

**2.5 Ability to Pay Legal Financial Obligations**. The court has considered the total amount owing, the defendant's past, present, and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change. The court finds:

[X] That the defendant has the ability or likely future ability to pay the legal financial obligations imposed herein. RCW 9.94A.753.

[ ] The following extraordinary circumstances exist that make restitution inappropriate (RCW 9.94A.753):

_____

[ ] The defendant has the present means to pay costs of incarceration. RCW 9.94A.760.

## III. Judgment

**3.1** The defendant is *guilty* of the Counts and Charges listed in Paragraph 2.1 and Appendix 2.1.

**3.2** [ ]The Court DISMISSES Counts _____. [ ]The defendant is found NOT GUILTY.

## IV. Sentence and Order

*It is ordered:*

**4.1 Confinement**. The court sentences the defendant to total confinement as follows:

(a) **Confinement**. RCW 9.94A.589. A term of total confinement in the custody of the Department of Corrections (DOC):

___12___ months on Count ___I___   ___14___ months on Count ___IV___

___60___ months on Count ___II___   ___60___ months on Count ___VI___

___57___ months on Count ___III___   ___60___ months on Count ___VII___

[ ] The confinement time on Count(s)_____ contain(s) a mandatory minimum term of _____

[X] Count ___V___ is a gross misdemeanor/ misdemeanor with 364/90 days imposed with _364_ days suspended on condition the defendant complies with the conditions of this judgment and sentence. RCW 9.92.060.

[ ] The confinement time on Count _____ includes _____ months as enhancement for [ ] firearm [ ] deadly weapon [ ] VUCSA in a protected zone [ ] manufacture of methamphetamine with juvenile present.

Actual number of months of total confinement ordered is: ___60   months___.

All counts shall be served concurrently, except for the portion of those counts for which there is an enhancement as set forth above at Section 2.3, and except for the following counts which shall be served consecutively: _____.

The sentence herein shall run consecutively with the sentence in cause number(s) _____

_____ but concurrently to any other felony cause not referred to in this Judgment. RCW 9.94A.589.

Confinement shall commence immediately unless otherwise set forth here:_____

(b) **Credit for Time Served**. The defendant shall receive credit for time served prior to sentencing if that confinement was solely under this cause number. RCW 9.94A.505. The jail shall compute time served.

(c) [ ] **Work Ethic Program**. RCW 9.94A.690, RCW 72.09.410. The court finds that the defendant is eligible and is likely to qualify for work ethic program. The court recommends that the defendant serve the sentence at a work ethic program. Upon completion of work ethic program, the defendant shall be released on community custody for any remaining time of total confinement, subject to the conditions in Section 4.2. Violation of the conditions of community custody may result in a return to total confinement for the balance of the defendant's remaining time of confinement.

**4.2 Community Custody**. (To determine which offenses are eligible for or required for community custody see RCW 9.94A.701)

(A) The defendant shall be on community custody for the longer of:

---

*Felony Judgment and Sentence (FJS) (Prison) (Nonsex Offender)*
*(RCW 9.94A.500, .505)(WPF CR 84.0400 (12/2011))*                      Page 4 of 10

(1) the period of early release. RCW 9.94A.728(1)(2); or
(2) the period imposed by the court, as follows:

Count(s) _____ 36 months for Serious Violent Offenses
Count(s) _____ 18 months for Violent Offenses
Count(s) ___i_____ 12 months (for crimes against a person, drug offenses, or offenses involving the
                                unlawful possession of a firearm by a street gang member or associate)

(B) While on community custody, the defendant shall:  (1) report to and be available for contact with the assigned community corrections officer as directed; (2) work at DOC-approved education, employment and/or community restitution (service); (3) notify DOC of any change in defendant's address or employment; (4) not consume controlled substances except pursuant to lawfully issued prescriptions; (5) not unlawfully possess controlled substances while on community custody; (6) not own, use, or possess firearms or ammunition; (7) pay supervision fees as determined by DOC; (8) perform affirmative acts as required by DOC to confirm compliance with the orders of the court; and (9) abide by any additional conditions imposed by DOC under RCW 9.94A.704 and .706. The defendant's residence location and living arrangements are subject to the prior approval of DOC while on community custody.

The court orders that during the period of supervision the defendant shall:

[ ] Follow condition of Appendix  [ ]A (drug)  [ ] B (DUI)

[ ] consume no alcohol.

[ ] have no contact with: _____.

[ ] remain [ ] within  [ ] outside of a specified geographical boundary, to wit:

_____.

[ ] not serve in any paid or volunteer capacity where he or she has control or supervision of minors under
    13 years of age.

[ ] participate in the following crime-related treatment or counseling services:

_____.

[ ] undergo an evaluation for treatment for [ ] domestic violence  [ ] substance abuse
    [ ] mental health  [ ] anger management, and fully comply with all recommended treatment. _____

[ ] comply with the following crime-related prohibitions:_____

_____

_____.

[ ] Other conditions: _____

_____

_____

_____

Court Ordered Treatment:  If any court orders mental health or chemical dependency treatment, the defendant must notify DOC and the defendant must release treatment information to DOC for the duration of incarceration and supervision. RCW 9.94A.562.

**4.3  Legal Financial Obligations:** The defendant shall pay to the clerk of this court:

*JASS CODE*

| | | | |
|---|---|---|---|
| PCV | $   500.00 | Victim assessment | RCW 7.68.035 |
| PDV | $_____ | Domestic Violence assessment | RCW 10.99.080 |
| CRC | $_____ | Court costs, including RCW 9.94A.760, 9.94A.505, 10.01.160, 10.46.190 | |

                             Criminal filing fee  $200 _____   FRC
                             Witness costs      $_____   WFR
                             Sheriff service fees $_____   SFR/SFS/SFW/WRF
                             Jury demand fee    $_____   JFR

|  |  | Extradition costs   $_____  EXT |  |
|---|---|---|---|
|  |  | Other              $_____ |  |
| PUB | $_____ | Fees for court appointed attorney | RCW 9.94A.760 |
| WFR | $_____ | Court appointed defense expert and other defense costs | RCW 9.94A.760 |
| FCM/MTH | $_____ | Fine RCW 9A.20.021; [ ] VUCSA chapter 69.50 RCW, [ ] VUCSA additional fine deferred due to indigency RCW 69.50.430 |  |
| CDF/LDI/FCD NTF/SAD/SDI | $   100.00 | Drug enforcement fund to SCIDEU | RCW 9.94A.760 |
|  | $_____ | DUI fines, fees and assessments |  |
| CLF | $   100.00 | Crime lab fee [ ] suspended due to indigency | RCW 43.43.690 |
|  | $   100.00 | DNA collection fee | RCW 43.43.7541 |
| FPV | $_____ | Specialized forest products | RCW 76.48.140 |
|  | $_____ | Other fines or costs for:_____ |  |
| RTN/RJN | $_____ | Emergency response costs (Vehicular Assault, Vehicular Homicide, Felony DUI only, $1000 maximum) | RCW 38.52.430 |
|  |  | Agency Name: _____ |  |
|  |  | Agency Address: _____ |  |
|  | $_____ | **Total** | RCW 9.94A.760 |

[X] The above total does not include all restitution or other legal financial obligations, which may be set by later order of the court. An agreed restitution order may be entered. RCW 9.94A.753. A restitution hearing:
[ ] shall be set by the prosecutor.
[X] is scheduled for ___6/29/12_____ (date).

[ ] The defendant waives any right to be present at any restitution hearing (sign initials):_____.

Restitution to be determined.

[ ] The Department of Corrections (DOC) or clerk of the court shall immediately issue a Notice of Payroll Deduction. RCW 9.94A.7602, RCW 9.94A.760(8).

[X] All payments shall be made in accordance with the policies of the clerk of the court at $50.00 per month after entry of this judgment and sentence and on a schedule established by DOC or the clerk of the court, commencing immediately, unless the court specifically sets forth the rate here: Not less than $_____ per month commencing_____. RCW 9.94A.760.

The defendant shall report to the clerk of the court or as directed by the clerk of the court to provide financial and other information as requested. RCW 9.94A.760(7)(b).

[ ] The court orders the defendant to pay costs of incarceration at the rate of $_____ per day, (actual costs not to exceed $100 per day). (JLR) RCW 9.94A.760.

The financial obligations imposed in this judgment shall bear interest from the date of the judgment until payment in full, at the rate applicable to civil judgments. RCW 10.82.090. An award of costs on appeal against the defendant may be added to the total legal financial obligations. RCW 10.73.160.

**4.4  DNA Testing.** The defendant shall have a biological sample collected for purposes of DNA identification analysis and the defendant shall fully cooperate in the testing. The appropriate agency shall be responsible for obtaining the sample prior to the defendant's release from confinement. RCW 43.43.754.

[ ] *HIV Testing.* The defendant shall submit to HIV testing. RCW 70.24.340.

**4.5  No Contact:**

[ ] The defendant shall not have contact with _____
_____ (name) including, but not limited to,
personal, verbal, telephonic, written or contact through a third party until _____ (which does not exceed the maximum statutory sentence).

[ ] The defendant is excluded or prohibited from coming within _____ (distance) of:
[ ] _____(name of protected person(s))'s [ ] home/ residence [
] work place [ ] school [ ] (other location(s)) _____
_____, or
[ ] other location: _____,
until _____ (which does not exceed the maximum statutory sentence).

[ ] A separate Domestic Violence No-Contact Order or Antiharassment No-Contact Order is filed concurrent with this Judgment and Sentence.

**4.6  Other:** _____
_____
_____
_____

**4.7  Off-Limits Order.** (Known drug trafficker). RCW 10.66.020. The following areas are off limits to the defendant while under the supervision of the county jail or Department of Corrections: _____
_____

**4.8  FORFEITURE OF FIREARMS.** The firearm(s) involved in this case, _____, is (are) forfeited in accordance with the law.

## V.  Notices and Signatures

**5.1  Collateral Attack on Judgment**. If you wish to petition or move for collateral attack on this Judgment and Sentence, including but not limited to any personal restraint petition, state habeas corpus petition, motion to vacate judgment, motion to withdraw guilty plea, motion for new trial or motion to arrest judgment, you must do so within one year of the final judgment in this matter, except as provided for in RCW 10.73.100. RCW 10.73.090.

**5.2  Length of Supervision**. If you committed your offense prior to July 1, 2000, you shall remain under the court's jurisdiction and the supervision of the Department of Corrections for a period up to 10 years from the date of sentence or release from confinement, whichever is longer, to assure payment of all legal financial obligations unless the court extends the criminal judgment an additional 10 years. If you committed your offense on or after July 1, 2000, the court shall retain jurisdiction over you, for the purpose of your compliance with payment of the legal financial obligations, until you have completely satisfied your obligation, regardless of the statutory maximum for the crime. RCW 9.94A.760 and RCW 9.94A.505(5). The clerk of the court has authority to collect unpaid legal financial obligations at any time while you remain under the jurisdiction of the court for purposes of your legal financial obligations.  RCW 9.94A.760(4) and RCW 9.94A.753(4).

**5.3  Notice of Income-Withholding Action**. If the court has not ordered an immediate notice of payroll deduction in Section 4.1, you are notified that the Department of Corrections (DOC) or the clerk of the court may issue a notice of payroll deduction without notice to you if you are more than 30 days past due in monthly payments in an amount equal to or greater than the amount payable for one month. RCW 9.94A.7602. Other income-withholding action under RCW 9.94A.760 may be taken without further notice. RCW 9.94A.7606.

**5.4  Community Custody Violation.**
(a) If you are subject to a first or second violation hearing and DOC finds that you committed the violation, you may receive as a sanction up to 60 days of confinement per violation. RCW 9.94A.634.

(b) If you have not completed your maximum term of total confinement and you are subject to a third violation hearing and DOC finds that you committed the violation, DOC may return you to a state correctional facility to serve up to the remaining portion of your sentence. RCW 9.94A.714.

**5.5   Firearms.** You may not own, use or possess any firearm unless your right to do so is restored by a superior court in Washington State, and by a federal court if required. You must immediately surrender any concealed pistol license. (The clerk of the court shall forward a copy of the defendant's driver's license, identicard, or comparable identification to the Department of Licensing along with the date of conviction or commitment.) RCW 9.41.040, 9.41.047.

**5.6   Reserved**

**5.7   Motor Vehicle:** If the court found that you used a motor vehicle in the commission of the offense, then the Department of Licensing will revoke your driver's license. The clerk of the court is directed to immediately forward an Abstract of Court Record to the Department of Licensing, which must revoke your driver's license. RCW 46.20.285.

_____BAC·  [  ]REFUSAL  [ ] DRUG

**5.8   Other:** _____

*Done* in Open Court and in the presence of the defendant this date: _5 - 4 - 12_

Judge/ Court Commissioner SUSAN K. COOK
Print Name:

Deputy Prosecuting Attorney
Edwin N. Norton, WSBA#19302

Attorney for Defendant  Stand -by
PAULA M. PLUMER, WSBA#21497

Defendant
Bryce Leroy Spangler

---

*Voting Rights Statement:* I acknowledge that I have lost my right to vote because of this felony conviction. If I am registered to vote, my voter registration will be cancelled.

My right to vote is provisionally restored as long as I am not under the authority of DOC (not serving a sentence of confinement in the custody of DOC and not subject to community custody as defined in RCW 9.94A.030). I must re-register before voting. The provisional right to vote may be revoked if I fail to comply with all the terms of my legal financial obligations or an agreement for the payment of legal financial obligations

My right to vote may be permanently restored by one of the following for each felony conviction:  a) a certificate of discharge issued by the sentencing court, RCW 9.94A.637; b)  a court order issued by the sentencing court restoring the right, RCW 9.92.066; c) ·a final order of discharge issued by the indeterminate sentence review board, RCW 9.96.050; or d) a certificate of restoration issued by the governor, RCW 9.96.020.  Voting before the right is restored is a class C felony, RCW 29A.84.660.  Registering to vote before the right is restored is a class C felony, RCW 29A.84.140.

Defendant's signature: _____

---

I am a certified interpreter of, or the court has found me otherwise qualified to interpret, the_____
language, which the defendant understands. I translated this Judgment and Sentence for the defendant into that language.

CAUSE NUMBER of this case: 11-1-00772-2

Interpreter signature/Print name:_____

---

*Felony Judgment and Sentence (FJS) (Prison) (Nonsex Offender)*
*(RCW 9.94A.500, .505)(WPF CR 84.0400 (12/2011)*                                    Page 8 of 10

## VI.  Identification of the Defendant

SID No. <u>WA23260718</u>                                     Date of Birth <u>12/02/1989</u>
(If no SID complete a separate Applicant card (form FD-258) for State Patrol)

FBI No. <u>691483LC6</u>                                       Local ID No. <u>SO 45467</u>

Alias name, DOB: BRYCE L. KORTHUIZ, RICHARD L.      DOC No. <u>316927</u>
LAYNE

---

**Race:**                                                      **Ethnicity:**      **Sex:**

[ ] Asian/Pacific Islander    [ ] Black/African-American    [ ] Caucasian      [ ] Hispanic      [ ] Male

[ ] Native American      [ ] Other:_____                          [ ] Non-Hispanic   [ ] Female

**Fingerprints:** I attest that I saw the defendant who appeared in court affix his or her fingerprints and signature on this document.

Clerk of the Court, Deputy Clerk _____      Dated: _5/4/12_

Defendant's signature: X _____

Defendant's current address: _____

| Officer Initials | : | Badge/ID# | DNA | FINGERPRINTS | Date |
|---|---|---|---|---|---|
| _Asm_ | | _U111_ | | _L_ | _L 5-4-12_ |

| Left four fingers taken simultaneously | Left Thumb | Right Thumb | Right four fingers taken simultaneously |
|---|---|---|---|

*Felony Judgment and Sentence (FJS) (Prison) (Nonsex Offender)*
*(RCW 9.94A.500, .505)(WPF CR 84.0400 (12/2011)*                       Page 9 of 10

| SUPERIOR COURT OF WASHINGTON; COUNTY OF SKAGIT | |
|---|---|
| STATE OF WASHINGTON, Plaintiff,   vs. | No. 11-1-00772-2 |
| BRYCE LEROY SPANGLER, Defendant.<br>SID: WA23260718  If no SID, use DOB: 12/02/1989 | **WARRANT OF COMMITMENT** |

THE STATE OF WASHINGTON TO: The Sheriff of Skagit County (Jail), and to the proper offices of the Department of Corrections.

**The Defendant's charges are disposed of as follows:**

PRISON RIOT - RCW 9.94.010 - CLASS B FELONY, COUNT I; SCSO 11-03308 - GUILTY PLEA

BAIL JUMPING - CLASS B FELONY COURT APPEARANCE - FOR CRIMES COMMITTED ON OR AFTER JULY 1, 2001, COUNT II - GUILTY PLEA

IDENTITY THEFT IN THE SECOND DEGREE - (CRIMES COMMITTED ON OR AFTER JUNE 12, 2008) - RCW 9.35.020(3) - CLASS C FELONY, COUNT III; SWPD 11-W07316 - GUILTY PLEA

POSSESSION OF A CONTROLLED SUBSTANCE OTHER THAN MARIJUANA - HEROIN - RCW 69.50.4013 - CLASS C FELONY, COUNT IV; MVPD 11-M19490 - GUILTY PLEA

THEFT IN THE THIRD DEGREE - RCW 9A.56.050 - GROSS MISDEMEANOR, COUNT V;  MVPD 11-M19490 - GUILTY PLEA

INTIMIDATING A PUBLIC SERVANT - RCW 9A.76.180 - CLASS B FELONY, COUNT VI; SCSO 12-02473 - GUILTY PLEA

HARASSMENT - THREATS TO KILL - RCW 9A.46.020(1) AND (2)(B) - CLASS C FELONY, COUNT VII;  SCSO  12-02473 - GUILTY PLEA

**and the court has ordered that the defendant be punished by serving the determined sentence of:**

| Count | Confinement | | Work Release / EHM / Work Crew |
|---|---|---|---|
| 1 | 12 | months | |
| 2 | 60 | months | |
| 3 | 57 | months | |
| 4 | 14 | months | |
| 5 | 364 | Days | |
| 6 | 60 | months | |
| 7 | 60 | months | |

Defendant is ordered to report to Jail Alternatives (North end of Jail) within 10 days of the date of this order and commence sentence by: _____/jail schedule. [X] **DOC: IMMEDIATE   [ ] LOCAL JAIL: IMMEDIATE**

Defendant shall receive _____ day(s)credit for time served. [X] Credit to be determined.

*If eligible and approved by the Skagit County Jail* a portion of your sentence may be served through a Program other than total confinement.  The application process can take several weeks and may require paperwork and actions on your part. Violation of **any** Program rules may result in your arrest and your option to participate in Programs may be revoked.  Any remaining time left to be served may be converted to straight jail time.  You may also be subject to a probation violation hearing, which may result in additional penalties.

I have read the above and agree to abide by the terms as set forth by the Skagit County Jail.

Defendant: _____   Approved; Attorney for Defendant: _____

**LEGAL FINANCIAL OBLIGATIONS**

Defendant must pay all ordered fines, fee and restitution to the Superior Court Clerk's Office.  Contact a *Collections Clerk at 360-419-3448 within 10 days of sentencing* for amount ordered and acceptable methods of payment.  Payments are to begin within 30 days from sentencing, unless otherwise arranged with the Collections Clerk.

**NOW, THEREFORE, YOU, THE SHERIFF, ARE COMMANDED** to receive the defendant for confinement and placement as ordered in the Judgment and Sentence and noted above.

DATED: 5/4/12

SUSAN K. COOK

JUDGE/COURT COMMISSIONER

Nancy K. Scott, Clerk

By: _____ , Deputy Clerk

**JAIL CERTIFICATION OF COMPLETION:**
I CERTIFY that the above-named defendant COMPLETED his jail sentence:

Date: _____     Officer: _____

Prosecutor Edwin Norton

# Skagit County Jail Multi-Purpose Request Form

[X] **Inmate Request**
Interno Peticion

[ ] **Grievance**
Agravio

[ ] **Mental Health Request**
Mental Salud Peticion

*(stamp, right margin: SKAGIT COUNTY PROSECUTING ATTORNEY 2012 JAN 25 AM 8:23)*

Name (Nombre) Bryce L Spengler  Date (Fecha) 1/24/12  Pod/Room (Sitio) C-1

Name number: 270164 s

Please Print Clearly - Por Favor Escriba Claro

---

**State your Request – BE SPECIFIC:**
Declare su Demanda - Ser Especifico

How do you feel about sending me to treatment for 60 to 90 days gives you time to build your Case & takes me away from mine gives you a head Start. And Since That Seemed to be Cooks main Concern I would like to learn Some Skills & get my mind Right anyways.

---

**Approved** (Aprobado)      **Denied** (Negado)

Reason (Razon) 1/25/12 Forwarded to Mr. Norton — Sgt Parker

to PA's Ofc. 1-25-12 - U111

**Exhibit 2**

*CH/EdN F*

*Prosecutors office Edwin Norton*

SKAGIT COUNTY
PROSECUTING ATTORNEY

2012 FEB -6 AM 8:41

# Skagit County Jail Multi-Purpose Request Form

☒ **Inmate Request**
Interno Peticion

☐ **Grievance**
Agravio

☐ **Mental Health Request**
Mental Salud Peticion

Name (Nombre) _Louise Spring_ Date (Fecha) _1/4/12_ Pod/Room (Sitio) _____

Name number: _220166_ s

Please Print Clearly - Por Favor Escriba Claro

**State your Request – BE SPECIFIC:**
Declare su Demanda – Ser Especifico

_All work for you & talk face_

_to face for a plea bargain. I know_

_is worth & more REI in this valley than you guys_

_could imagine. Let talk about Bud's Detention_

**Approved** (Aprobado)    **Denied** (Negado)

**Reason** (Razon)

2/4/12

**Exhibit 3**

FILED
SKAGIT COUNTY CLERK
SKAGIT COUNTY, WA

2012 JAN 20 PM 12: 23

| | |
|---|---|
| **Superior Court of Washington for** | No. 11-1-00772-2 |
| <u>State of Washington</u> , <br> Plaintiff <br><br> vs. <br><br> <u>BRYCE L. SPANGLER</u> . <br> Defendant | **Statement of Defendant on Plea of Guilty to Non-Sex Offense (STTDFG)** |

**9**

1.  My true name is: _Bryce L. Spangler_

2.  My age is: _22_

3.  The last level of education I completed was _college classes_

4.  **I Have Been Informed and Fully Understand That:**

    (a)  I have the right to representation by a lawyer and that if I cannot afford to pay for a lawyer, one will be provided at no expense to me.

    (b)  I am charged with: Count I – Prison Riot, Count II – Identity Theft, Second Degree, Count III VNCO(DV) _& Ct IV VNCO (DV)_

    The elements are: **Count I Prison Riot**: (1) On or about and between March 8, 2011 and March 14, 2011 Defendant was an inmate of in a correctional institution; (2) Did assemble with one or more inmates for any purpose, and by the use of force or violence, or the threat thereof, (3) Did act in such a manner as to disturb the good order of the institution and contrary to the commands of the officers of the institution; (4) The acts occurred in the State of Washington.   **Count II – Identity Theft Second Degree**: (1) On or about November 1, 2011 Defendant did knowingly obtain, possess, use or transfer a means of identification of another person; (2) With the intent to commit or aid in the commission of any crime; (3) The acts occurred in the State of Washington. **Count III – Violation of a**

Statement on Plea of Guilty (Non-Sex Offense) (STTDFG) - Page 1 of 8
CrR 4.2(g) (8/2006)

Exhibit 4

No Contact Order: (1) On or about November 1, 2011, the Defendant with knowledge that the Skagit County Superior Court had previously issued a no contact, protection order, or a restraining order pursuant to Chapter 10.99, 26.09, 26.10, 26.26, 26.50 or 74.34 in Allisha M. Barter v. Bryce L. Spangler in Cause No.: 11-1-0112-7; (2) did violate the order while the order was in effect by knowingly violating the restraint provisions therein and/or by knowingly violating a provision excluding him or her from a residence, a workplace, a school or a daycare, and/or by knowingly coming within, or knowingly remaining within a specified distance of a location; (3) The acts occurred in the State of Washington. Count IV – Violation of a No Contact Order: (1) On or about July 28, 2011, the Defendant with knowledge that the Skagit County Superior Court had previously issued a no contact, protection order, or a restraining order pursuant to Chapter 10.99, 26.09, 26.10, 26.26, 26.50 or 74.34 in Allisha M. Barter v. Bryce L. Spangler in Cause No.: 11-1-0112-7; (2) did violate the order while the order was in effect by knowingly violating the restraint provisions therein and/or by knowingly violating a provision excluding him or her from a residence, a workplace, a school or a daycare, and/or by knowingly coming within, or knowingly remaining within a specified distance of a location; (3) The acts occurred in the State of Washington.

---

5.   **I Understand I Have the Following Important Rights, and I Give Them All Up by Pleading Guilty:**

   (a)   The right to a speedy and public trial by an impartial jury in the county where the crime is alleged to have been committed;

   (b)   The right to remain silent before and during trial, and the right to refuse to testify against myself;

   (c)   The right at trial to hear and question the witnesses who testify against me;

   (d)   The right at trial to testify and to have witnesses testify for me.  These witnesses can be made to appear at no expense to me;

   (e)   I am presumed innocent unless the charge is proven beyond a reasonable doubt or I enter a plea of guilty;

   (f)   The right to appeal a finding of guilt after a trial.

6.   **In Considering the Consequences of my Guilty Plea, I Understand That:**

   (a)   Each crime with which I am charged carries a maximum sentence, a fine, and a *Standard Sentence Range* as follows:

| COUNT NO. | OFFENDER SCORE | STANDARD RANGE ACTUAL CONFINEMENT (not including enhancements) | PLUS Enhancements* | TOTAL ACTUAL CONFINEMENT (standard range including enhancements) | COMMUNITY CUSTODY RANGE (Only applicable for crimes committed on or after July 1, 2000. For crimes committed prior to July 1, 2000, see paragraph 6(f)) | MAXIMUM TERM AND FINE |
|---|---|---|---|---|---|---|
| 1 | N/A | Unranked | N/A | Unranked | | 10 years, $20,000 |
| 2 | 6 | 17-22 Months | N/A | 17 – 22 Months | | 5 years, $10,000 |
| 3 & 4 | N/A | 0 – 365 days | N/A | 0 – 365 days | | |

*(F) Firearm, (D) other deadly weapon, (V) VUCSA in protected zone (VH)
(SM) Sexual motivation, RCW 9.94A.533(8).

(b)    The standard sentence range is based on t
Criminal history includes prior convictio
whether in this state, in federal court, or e

(c)    The prosecuting attorney's statement of r
Unless I have attached a different stateme
statement is correct and complete. If I ha
correct and complete. If I am convicted c
I am sentenced, I am obligated to tell the

(d)    If I am convicted of any new crimes befo
is discovered, both the standard sentence
recommendation may increase. Even so, my plea of guilty to this charge is binding on me.
I cannot change my mind if additional criminal history is discovered even though the
standard sentencing range and the prosecuting attorney's recommendation increase or a
mandatory sentence of life imprisonment without the possibility of parole is required by
law.

(e)    In addition to sentencing me to confinement, the judge will order me to pay $500.00 as a
victim's compensation fund assessment. If this crime resulted in injury to any person or
damage to or loss of property, the judge will order me to make restitution, unless
extraordinary circumstances exist which make restitution inappropriate. The amount of
restitution may be up to double my gain or double the victim's loss. The judge may also
order that I pay a fine, court costs, attorney fees and the costs of incarceration.

(f)    For crimes committed prior to July 1, 2000: In addition to sentencing me to confinement,
the judge may order me to serve up to one year of community supervision if the total period
of confinement ordered is not more than 12 months. If this crime is a drug offense, assault
in the second degree, assault of a child in the second degree, or any crime against a person
in which a specific finding was made that I or an accomplice was armed with a deadly
weapon, the judge will order me to serve at least one year of community placement. If this
crime is a vehicular homicide, vehicular assault, or a serious violent offense, the judge will
order me to serve at least two years of community placement. The actual period of
community placement, community custody, or community supervision may be as long as
my earned early release period. During the period of community placement, community
custody, or community supervision, I will be under the supervision of the Department of

Corrections, and I will have restrictions and requirements placed upon me.

<u>For crimes committed on or after July 1, 2000</u>: In addition to sentencing me to confinement, under certain circumstances the judge may order me to serve up to one year of community custody if the total period of confinement ordered is not more than 12 months. If the crime I have been convicted of falls into one of the offense types listed in the following chart, the court will sentence me to community custody for the community custody range established for that offense type unless the judge finds substantial and compelling reasons not to do so. If the period of earned release awarded per RCW 9.94A.728 is longer, that will be the term of my community custody. If the crime I have been convicted of falls into more than one category of offense types listed in the following chart, then the community custody range will be based on the offense type that dictates the longest term of community custody.

| OFFENSE TYPE | COMMUNITY CUSTODY RANGE |
|---|---|
| Serious Violent Offenses | 24 to 48 months or up to the period of earned release, whichever is longer. |
| Violent Offenses | 18 to 36 months or up to the period of earned release, whichever is longer. |
| Crimes Against Persons as defined by RCW 9.94A.411(2) | 9 to 18 months or up to the period of earned release, whichever is longer. |
| Offenses under Chapter 69.50 or 69.52 RCW (not sentenced under RCW 9.94A.660) | 9 to 12 months or up to the period of earned release, whichever is longer. |

During the period of community custody I will be under the supervision of the Department of Corrections, and I will have restrictions and requirements placed upon me. My failure to comply with these conditions will render me ineligible for general assistance, RCW 74.04.005(6)(h), and may result in the Department of Corrections transferring me to a more restrictive confinement status or other sanctions.

(g)   The prosecuting attorney will make the following recommendation to the judge: ___ 18 (eighteen) months, standard fines and fees, restitution, dismiss or not file Bail Jumping charges.___
This resolves all pending referrals + charges, including City of Mount Vernon, Burlington + Sedro Woolley.
[ ] The prosecutor will recommend as stated in the plea agreement, which is incorporated by reference. — 8 hour TRO from jail to tend to personal affairs before prison

*[handwritten left margin: Mr Aponte may make TRO request, State does not agree. 1/3/12]*

(h)   The judge does not have to follow anyone's recommendation as to sentence. The judge must impose a sentence within the standard range unless there is a finding of substantial and compelling reasons not to do so. I understand the following regarding exceptional sentences:

(i)   The judge may impose an exceptional sentence below the standard range if the judge finds mitigating circumstances supporting an exceptional sentence.

(ii)   The judge may impose an exceptional sentence above the standard range if I am being sentenced for more than one crime and I have an offender score of more than nine.

(iii)   The judge may also impose an exceptional sentence above the standard range if

*[handwritten lower right: in fact had standby counsel]*

the State and I stipulate that justice is best served by imposition of an exceptional sentence and the judge agrees that an exceptional sentence is consistent with and in furtherance of the interests of justice and the purposes of the Sentencing Reform Act.

(iv)   The judge may also impose an exceptional sentence above the standard range if the State has given notice that it will seek an exceptional sentence, the notice states aggravating circumstances upon which the requested sentence will be based, and facts supporting an exceptional sentence are proven beyond a reasonable doubt to a unanimous jury, to a judge if I waive a jury, or by stipulated facts.

I understand that if a standard range sentence is imposed, the sentence cannot be appealed by anyone. If an exceptional sentence is imposed after a contested hearing, either the State or I can appeal the sentence.

(i)   If I am not a citizen of the United States, a plea of guilty to an offense punishable as a crime under state law is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

(j)   I understand that I may not possess, own, or have under my control any firearm unless my right to do so is restored by a court of record and that I must immediately surrender any concealed pistol license. RCW 9.41.040.

(k)   I understand that I will be ineligible to vote until that right is restored in a manner provided by law. If I am registered to vote, my voter registration will be cancelled. Wash. Const. art. VI, § 3, RCW 29A.04.079, 29A.08.520.

(l)   Public assistance will be suspended during any period of imprisonment.

(m)   I understand that I will be required to have a biological sample collected for purposes of DNA identification analysis. For offenses committed on or after July 1, 2002, I will be required to pay a $100.00 DNA collection fee, unless the court finds that imposing the fee will cause me undue hardship.

**Notification Relating to Specific Crimes. If Any of the Following Paragraphs *Do Not Apply*, They Should Be Stricken and Initialed by the Defendant and the Judge.**

[n]   This offense is a most serious offense or strike as defined by RCW 9.94A.030, and if I have at least two prior convictions for most serious offenses, whether in this state, in federal court, or elsewhere, the crime for which I am charged carries a mandatory sentence of life imprisonment without the possibility of parole.

[o]   The judge may sentence me as a first-time offender instead of giving a sentence within the standard range if I qualify under RCW 9.94A.030. This sentence could include as much as 90 days' confinement, and up to two years community supervision if the crime was committed prior to July 1, 2000, or up to two years of community custody if the crime was committed on or after July 1, 2000, plus all of the conditions described in paragraph (e). Additionally, the judge could require me to undergo treatment, to devote time to a specific occupation, and to pursue a prescribed course of study or occupational training.

[p]   If this crime involves a kidnapping offense involving a minor, I will be required to register where I reside, study or work. The specific registration requirements are set forth in the "Offender Registration" Attachment.

[q]   If this is a crime of domestic violence, I may be ordered to pay a domestic violence assessment of up to $100.00. If I, or the victim of the offense, have a minor child, the court may order me to participate in a domestic violence perpetrator program approved under RCW 26.50.150.

[r]   If this crime involves prostitution, or a drug offense associated with hypodermic needles, I will be required to undergo testing for the human immunodeficiency (HIV/AIDS) virus.

[s]   The judge may sentence me under the special drug offender sentencing alternative (DOSA) if I qualify under RCW 9.94A.660. Even if I qualify, the judge may order that I be examined by a licensed or certified treatment provider before deciding to impose a DOSA sentence. If the judge decides to impose a DOSA sentence, it could be either a prison-based alternative or a residential chemical dependency treatment-based alternative. If the judge imposes the **prison-based alternative**, the sentence will consist of a period of total confinement in a state facility for one-half of the midpoint of the standard range, or 12 months, whichever is greater. During confinement, I will be required to undergo a comprehensive substance abuse assessment and to participate in treatment. The judge will also impose a term of community custody of at least one-half of the midpoint of the standard range.

If the judge imposes the **residential chemical dependency treatment-based alternative**, the sentence will consist of a term of community custody equal to one-half of the midpoint of the standard sentence range or two years, whichever is greater, and I will have to enter and remain in a certified residential chemical dependency treatment program for a period of *three to six months*, as set by the court. As part of this sentencing alternative, the court is required to schedule a progress hearing during the period of residential chemical dependency treatment and a treatment termination hearing scheduled three months before the expiration of the term of community custody. At either hearing, based upon reports by

my treatment provider and the department of corrections on my compliance with treatment and monitoring requirements and recommendations regarding termination from treatment, the judge may modify the conditions of my community custody or order me to serve a term of total confinement equal to one-half of the midpoint of the standard sentence range, followed by a term of community custody under RCW 9.94A.715.

During the term of community custody for either sentencing alternative, the judge could prohibit me from using alcohol or controlled substances, require me to submit to urinalysis or other testing to monitor that status, require me to devote time to a specific employment or training, stay out of certain areas, pay $30.00 per month to offset the cost of monitoring and require other conditions, such as affirmative conditions, and the conditions described in paragraph 6(e). The judge, on his or her own initiative, may order me to appear in court at any time during the period of community custody to evaluate my progress in treatment or to determine if any violations of the conditions of the sentence have occurred. If the court finds that I have violated the conditions of the sentence or that I have failed to make satisfactory progress in treatment, the court may modify the terms of my community custody or order me to serve a term of total confinement within the standard range.

[t]  If I am subject to community custody and the judge finds that I have a chemical dependency that has contributed to the offense, the judge may order me to participate in rehabilitative programs or otherwise to perform affirmative conduct reasonably related to the circumstances of the crime for which I am pleading guilty.

[u]  If this crime involves the manufacture, delivery, or possession with the intent to deliver methamphetamine, including its salts, isomers, and salts of isomers, or amphetamine, including its salts, isomers, and salts of isomers, a mandatory methamphetamine clean-up fine of $3,000 will be assessed. RCW 69.50.401(2)(b).

[v]  If this crime involves a violation of the state drug laws, my eligibility for state and federal food stamps, welfare, and education benefits may be affected. 20 U.S.C. § 1091(r) and 21 U.S.C. § 862a.

[w]  If this crime involves a motor vehicle, my driver's license or privilege to drive will be suspended or revoked.

[x]  If this crime involves the offense of vehicular homicide while under the influence of intoxicating liquor or any drug, as defined by RCW 46.61.502, committed on or after January 1, 1999, an additional two years shall be added to the presumptive sentence for vehicular homicide for each prior offense as defined in RCW 46.61.5055(8).

[y]  The crime of _____ has a mandatory minimum sentence of at least _____ years of total confinement. The law does not allow any reduction of this sentence. This mandatory minimum sentence is not the same as the mandatory sentence of life imprisonment without the possibility of parole described in paragraph 6[n].

[z]  I am being sentenced for two or more serious violent offenses arising from separate and distinct criminal conduct and the sentences imposed on counts _____ and _____ will run consecutively unless the judge finds substantial and compelling reasons to do otherwise.

[aa]   I understand that the offense(s) I am pleading guilty to include a Violation of the Uniform Controlled Substances Act in a protected zone enhancement or manufacture of methamphetamine when a juvenile was present in or upon the premises of manufacture enhancement. I understand these enhancements are mandatory and that they must run consecutively to all other sentencing provisions.

[bb]   I understand that the offense(s) I am pleading guilty to include a deadly weapon, firearm, or sexual motivation enhancement. Deadly weapon, firearm, or sexual motivation enhancements are mandatory, they must be served in total confinement, and they must run consecutively to any other sentence and to any other deadly weapon, firearm, or sexual motivation enhancements.

[cc]   I understand that the offenses I am pleading guilty to include both a conviction under RCW 9.41.040 for unlawful possession of a firearm in the first or second degree and one or more convictions for the felony crimes of theft of a firearm or possession of a stolen firearm. The sentences imposed for these crimes shall be served consecutively to each other. A consecutive sentence will also be imposed for each firearm unlawfully possessed.

[dd]   I understand that if I am pleading guilty to the crime of unlawful practices in obtaining assistance as defined in RCW 74.08.331, no assistance payment shall be made for at least six months if this is my first conviction and for at least 12 months if this is my second or subsequent conviction. This suspension of benefits will apply even if I am not incarcerated. RCW 74.08.290.

[ee]   The judge may authorize work ethic camp. To qualify for work ethic authorization my term of total confinement must be more than twelve months and less than thirty-six months, I can not currently be either pending prosecution or serving a sentence for violation of the uniform controlled substance act and I can not have a current or prior conviction for a sex or violent offense.

7.   I plead guilty to:

count I Prison Riot_____

count II Identity Theft Second Degree_____

count III Violation of No Contact Order

count IV Violation of No Contact Order _____

in the Third Amended Information. I have received a copy of that Information.

8.   I make this plea freely and voluntarily.

9.   No one has threatened harm of any kind to me or to any other person to cause me to make this plea.

10.  No person has made promises of any kind to cause me to enter this plea except as set forth in this statement. *I am requesting an 8 hour TRO. If I do not return to be custody at the time appointed, the plea agreement will still be valid, I will not move + set it aside, and I will be charged with bail jumping and any other charges warranted by unlawful conduct.*

*and judge who explained orally*

Statement on Plea of Guilty (Non-Sex Offense) (STTDFG) - Page 8 of 8
CrR 4.2(g) (8/2006)

(march 8+4, 2011)

11.   The judge has asked me to state what I did in my own words that makes me guilty of this crime.
This is my statement: *In skagit county, on*
(Ct I) ~~March 8+4, 2011~~ *while an inmate at the skagit county jail,* ✓
*and another inmate that* ✓ *enlisted, threatened violence and*
(P) *my conduct disrupted the orderly operation of the jail.*
*Ct II Nov 1, 2011, I unlawfully possessed the ID A.L. Osborne in order*
*to aid the commission of a crime.   Ct III + IV, July 28 2011 and*
*Nov 1, 2011, I had intentional contact with my girlfriend, A. Barker,*
[ ~~]Instead of making a statement, I agree that the court may review the police reports and/or a~~
~~statement of probable cause supplied by the prosecution to establish a factual basis for the plea.~~
*and at the time I know there was a valid order prohibiting such contact.*

12.   My lawyer has explained to me, and we have fully discussed, all of the above paragraphs and the
"Offender Registration" Attachment, if applicable. I understand them all. I have been given a copy
of this "Statement of Defendant on Plea of Guilty." I have no further questions to ask the judge.

*and if TRO is granted signature valid*

_____
Defendant

I have read and discussed this statement with the
defendant and believe that the defendant is
competent and fully understands the statement.

_____        _____
Prosecuting Attorney    WSBA No.        Defendant's Lawyer    WSBA No. 21492

19302

Edward N Norton                    PAULA PLUMER
_____        _____
Print Name                        Print Name

The foregoing statement was signed by the defendant in open court in the presence of the defendant's lawyer
and the undersigned judge. The defendant asserted that [check appropriate box]:

☒ (a)   The defendant had previously read the entire statement above and that the defendant understood it
in full;

☐ (b)   The defendant's lawyer had previously read to him or her the entire statement above and that the
defendant understood it in full; or

☐ (c)   An interpreter had previously read to the defendant the entire statement above and that the
defendant understood it in full. The Interpreter's Declaration is attached.

I find the defendant's plea of guilty to be knowingly, intelligently and voluntarily made. Defendant
understands the charges and the consequences of the plea. There is a factual basis for the plea. The
defendant is guilty as charged.

Dated:   1-20-12

Susan K. Cook
_____
Judge

Statement on Plea of Guilty (Non-Sex Offense) (STTDFG) - Page 9 of 8
CrR 4.2(g) (8/2006)

## IN THE SUPERIOR COURT OF SKAGIT COUNTY

| THE STATE OF WASHINGTON, | NO. **11-1-00772-2** |
| Plaintiff, | ~~11-1-01100-2~~ |
| vs | **CLERK'S MINUTES** |
| | **DATE: 2/3/2012** |
| **BRYCE L SPANGLER** | |
| Defendant | [X] Motion.................MTHRG |
| | [ ] Order signed |
| | [ ] STRIKE: [ ] HSTKPA [ ] HSTKDA |
| | [ ] Agreed Order Signed (Case Not Called) |

AV: 3/1:35                Court Reporter: [ ] Jennifer [ ] Eileen

[ X ] JUDGE SUSAN K. COOK     [x ] L. Petrzelka

**STATE REPRESENTED BY: EDWARD NORTON**

**DEFENDANT REPRESENTED BY:**
**PRO SE 11-1-772-2, Paula Plummer-Standby counsel**
**Paula Plummer – 11-1-01100-2**

DEFENDANT:
[X] Present   [ ] Not Present   [X] Custody   [ ] Not in Custody

THIS MATTER comes on for **DEFENDANT"S MOTION W/D GUILTY PLEA**

Mr. Spangler states he has many motions on today.  Mr. Norton objects & states the only motion on today is the defendant's motion to withdraw guilty plea.  Mr. Spangler states his frustrations & motion to withdraw guilty plea on 11-1-772-2.
Mr. Norton makes objections.
Mr. Spangler responds @ 1:43

Court & counsel discuss current charges on 11-1-772-2.  Mrs. Norton states the third amended charges were for the purpose of the plea only.
Mr. Spangler moves to be pro se on 11-1-772-2, Court grants, Ms. Plummer stand-by counsel.
Court reviews parameters of the pro-se.
Court now hears Omnibus, Mr. Spangler objects.  Parties discuss discovery.  Ms. Plummer has received the 45 pages of discovery, she returned to the PA, they gave to the jail, and jail gave to her.  Court finds discovery was sent to Reed street address while he was not in custody.  The court directs PA to provide the 45 pgs discovery again, today.
Court finds defendants motion to dismiss, & misc motions filed on 1/30/12 and today are not timely.
Court explains motions & note for calendar procedure.
Court reads pro-se order again @ 2:00.  Court finds no motions are properly before the Court.  The Court sets the next motions hearing for 2/15, properly note.  Mr. Spangler makes motion for transcripts, Mr. Moran can get the clerks minutes from the clerk's office.  Court denies motion for transcripts from the court reporter, directs Mr. Spangler to take notes.
Ms. Plummer states they are not ready for omnibus on 11-1-1100-2.
Mr. Spangler makes motion for transcripts; Court again, denies transcripts via official court reporter.



Exhibit 5

Court now hears defendant's motion to dismiss & PR @ 2:06
Mr. Norton responds and objects to release @ 2:08
Mr. Spangler uses explicit vulgar language, and Court admonishes @ 2:10
Mr. Norton continues @ 2:11
Mr. Spangler continues his release motion @ 2:12
Court denies request for PR, bail remains set $15,000.

Court reviews and examines Mr. Spangler as to qualification as to representing himself pro-se on #11-1-1100-2 @ 2:15.

Mr. Spangler makes motion for competency evaluation on himself, at the time of the crime. Court inquires as to which crime, response all of them. Mr. Spangler states he has mental disorders.
Mrs. Norton responds @ 2:21 does not believe there has been any showing for a need for an evaluation, Mr. Spangler objects, Court reminds defendant to allow one person to talk at a time, Mr. Spangler states he thought he could go back and forth, as he did watch "A Few Good Men"
Mr. Norton moves to deny.  Court denies competency evaluation request.
Mr. Spangler moves and objects, as his own attorney needs evaluation, Court denies.

Court again, reviews how to file a note for calendar with defendant.

Mr. Norton inquires as to trial date on 11-1-772-2.  Court believes this should be continued. Parties' discuss trial dates.   Mr. Spangler objects to trial date, until after his motion to sever all counts on both cases.
Mr. Spangler moves to change his name, Court denies hearing.
Mr. Spangler moves to be referred to as Mr. (very long & undecipherable)
Court denies, will be referred to by legal name.

Adjourned @ 2:37

Court signs; amended Pro-Se def, Pre-Trial Order
; Order setting dates

Prosecutor NORTON;

To whom it may Concern,

CLERK
SKAGIT COUNTY
PROSECUTING ATTORNEY

2012 FEB 27  AM 8:0_

This is mr. Spangler as you Know I've made overatures to

task force To work for them in Return for Time w/my grandfather

before he passes on

I mess up alot I even clinged out the otherday in here. If your

True aim is To Fight Crime in this valley than you Should let me help

cuz you wont meet Someone w/more Connects than me And

I've lost all love and Respect for those guys I Hate Heroine & What

its done. I can bring you more Convictions than you's had in your

wildest wet dreams as a prosecutor. Im not a big Criminal mastermind but

I have friends who are. Not my friends anymore bastards Aint done shit for me.

My Child is verry important to me & I put it on my skin

& My car. That ill do & Stay where task force needs me. I go Batty

In here But I Can Be a Real Asset To you & Skagit counties law

enforcement out there. If you want To See how Sincere I am

**Exhibit** 6

tell em to have me do Somethin before Anything. I don't Know

How ELSE To articulate this but ive already given them

info on certain things & individuals. I've got more much much

more & am willing to turn it all over & Work undercover whatever,

So I can See my daughter born & Help my grandparents before

its to late. I want to Change & have been given Task Force Stuff/INFO

on good faith & to Show im Serious. So PLZ LET me go home.

~~xxxxxxxxx~~ WHAT do I need to do to prove to you im serious?
And I will do what you need done.

Come Talk To me or have a group meeting w/me & my attorney

OR Them i will do whatevers if you want me to plead guilty

to drug Court I will luno lets talk I need a job & it seems
This could be my niche.

Bryce E Spangler

ZEIZ

21-25-21

Legal Mail

Legal Mail
Confidential

Legal Mail

2012 FEB 27  AM 8: 02

Prosecutor Edwin Norton or Rich Weyrich
Courthouse Stneys - 605 South Third
Mount Vernon WA. 98273

Legal Mail

Bryce L Spradar C-I

Legal Mail

Im Sorry Prosecutor for fuckin up my laft
pleafe talk to me or fomethin, fucked
I want to Change I really do. I need to for a
girl She's goin to be born in July just plz
prosecutor I want to see her just ple calculate
how old my daughter will be when I get out
plz prosecutor I want to Se my baby girl before
She's to old 3 im Scared im going to do forever
3 She wont know me im tryin not to be
that Guy anymore.

          Im not a fuckin Gangster im not nothin
I want to be a dad I want a job I want
a fuckin life Im So Tired of this I wanted
to be in the Army look at my Record I was
a week from Shipin out when I went to poison
I want to move to California or Kentucky when I get out
with my family 3 Start over...
          Just pleafe talk to me or come See me
I have questions thats all No demands no blustering or
thundering, Im Tired Mr. Norton Not beat just Tired
This isnt my Arena 3 it takes alot out of me

          Fuck all the other Shit Mr. Norton I just care
about my Daughter ple just tell me how
much time you want me to do I get off
D-Seg the 28th   Exhibit 7 All my food I want to

g    that 3 Visit my baby's  mom  b-4  I go  cuz im
goin Back  To  walla 3 wont  be able to  See  them.

I'm glad  To  Anything  but  The Shanks

Bryce L Spangler

FILED
SKAGIT COUNTY CLERK
SKAGIT COUNTY, WA
2012 APR 26  PH 2: 50

**SUPERIOR COURT OF WASHINGTON**
**SKAGIT COUNTY**

STATE OF WASHINGTON,              )
                                  )   No. 11-1-00772-2
         Plaintiff,               )   **Statement of Defendant on Plea of**
    vs.                           )   **Guilty to Non-Sex Offense**
BRYCE SPANGLER                    )   **(Felony)**
         Defendant.               )   **(STTDFG)**
_____ )

1.  My true name is: _Bryce L Spangler_

2.  My age is: _22_

3.  The last level of education I completed was _10_

4.  **I Have Been Informed and Fully Understand That:**

    (a)   I have the right to representation by a lawyer and that if I cannot afford to pay for a lawyer, one will be provided at no expense to me.

    (b)   I am charged with:

    1. Prison Riot RCW 9.94.010, a class B felony,  the elements are "while an inmate of a correctional institution to assemble with one or more inmates for any purpose, and by threat or use of force or violence, to act in such a manner that disrupts the good order of the institution, contrary to the commands of the institution officers.

    **2.** Bail Jumping  RCW 9A.76.170, a class C felony, the elements are to have been released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before any court of this state, and to fail to appear as required.

    **3.** Identity Theft 2, RCW 9.35.020 3, a class C felony, the elements are to knowingly obtain, possess, use or transfer a means of ID or financial information of another person with the intent to commit or aid in the commission of any crime.

    **4.** Possession of Heroin, RCW 69.50.4013, a class C felony, the elements are to possess a controlled substance, heroin, without lawful authority.

---

Statement on Plea of Guilty (Non-Sex Offense) (STTDFG)          **PAULA PLUMER**
CrR 4.2(g) (12/2011)                                            Attorney at Law
                                                               417 West Gates, Suite 1
Page 1 of 9                                                     Mount Vernon, WA 98273
                                                               (360) 428-3988

Exhibit 8

5. Theft 3 degree, RCW 9A.56.050, a gross misdemeanor, the elements are to exert unauthorized control over the property of another with the intent to permanently and without authority deprive the rightful owner of the use and/or value of that property.

6. Intimidating a public servant, RCW 9A.76.180, a Class felony, the elements are to use a threat to attempt to influence a public servant's vote, opinion, decision, or other official action as a public servant.

7. Harassment – threats to kill, RCW 9A.46.020 1) a and 2) b, a Class C felony, the elements are to make a threat to kill another person immediately or in the future, without lawful authority. It must be a "true threat", which is a statement made in a context or under such circumstances wherein a reasonable person would foresee that the statement would be interpreted as a serious expression of intention to inflict bodily harm upon or to take the life of another person.

5. **I Understand I Have the Following Important Rights, and I Give Them All Up by Pleading Guilty:**

    (a)    The right to a speedy and public trial by an impartial jury in the county where the crime is alleged to have been committed;

    (b)    The right to remain silent before and during trial, and the right to refuse to testify against myself;

    (c)    The right at trial to hear and question the witnesses who testify against me;

    (d)    The right at trial to testify and to have witnesses testify for me. These witnesses can be made to appear at no expense to me;

    (e)    I am presumed innocent unless the charge is proven beyond a reasonable doubt or I enter a plea of guilty;

    (f)    The right to appeal a finding of guilt after a trial.

6. **In Considering the Consequences of My Guilty Plea, I Understand That:**

    (a)    Each crime with which I am charged carries a maximum sentence, a fine, and a **Standard Sentence Range** as follows:

| COUNT NO. | OFFENDER SCORE | STANDARD RANGE ACTUAL CONFINEMENT (not including enhancements) | PLUS Enhancements* | COMMUNITY CUSTODY | MAXIMUM TERM AND FINE |
|---|---|---|---|---|---|
| 1 Prison Riot | 5 | 0-12 months | | | Minimum one year, Maximum 10 years and $20,000 |
| 2 Bail jumping | 6 | 51-60 months | | | Class C, 5 years and $10,000 |

Statement on Plea of Guilty (Non-Sex Offense) (STTDFG) CrR 4.2(g) (12/2011)

Page 2 of 9

**PAULA PLUMER**
Attorney at Law
417 West Gates, Suite 1
Mount Vernon, WA 98273
(360) 428-3988

| COUNT NO. | OFFENDER SCORE | STANDARD RANGE ACTUAL CONFINEMENT (not including enhancements) | PLUS Enhancements* | COMMUNITY CUSTODY | MAXIMUM TERM AND FINE |
|---|---|---|---|---|---|
| 3 ID Theft | 6 | 43-57 | | | Class B 10 years and $20,000 |
| 4 Possession of Heroin | 6 | 12 months and a day – 14 months | | | Class C, 5 years and $10,000 |
| 5 Theft 3 | | Up to 364 days | | | GM, 364 days, $5000 |
| 6 Intimidating a Public Servant | 6 | 51-68 months | | | Class B 10 years and $20,000 |
| 7 Harassment | 6 | 51-60 months | | | Class B 10 years and $20,000 |

* Each sentencing enhancement will run consecutively to all other parts of my entire sentence, including other enhancements and other counts. The enhancement codes are: (F) Firearm, (D) Other deadly weapon, (V) VUCSA in protected zone, (VH) Veh. Hom, see RCW 46.61.520, (JP) Juvenile present, (CSG) Criminal street gang involving minor, (AE) Endangerment while attempting to elude.

(b)   The standard sentence range is based on the crime charged and my criminal history. Criminal history includes prior convictions and juvenile adjudications or convictions, whether in this state, in federal court, or elsewhere.

(c)   The prosecuting attorney's statement of my criminal history is attached to this agreement. Unless I have attached a different statement, I agree that the prosecuting attorney's statement is correct and complete. If I have attached my own statement, I assert that it is correct and complete. If I am convicted of any additional crimes between now and the time I am sentenced, I am obligated to tell the sentencing judge about those convictions.

(d)   If I am convicted of any new crimes before sentencing, or if any additional criminal history is discovered, both the standard sentence range and the prosecuting attorney's recommendation may increase. Even so, my plea of guilty to this charge is binding on me. I cannot change my mind if additional criminal history is discovered even though the standard sentencing range and the prosecuting attorney's recommendation increase or a mandatory sentence of life imprisonment without the possibility of parole is required by law.

(e)   In addition to sentencing me to confinement, the judge will order me to pay $500.00 as a victim's compensation fund assessment and any mandatory fines or penalties that apply to my case. If this crime resulted in injury to any person or damage to or loss of property, the judge will order me to make restitution, unless extraordinary circumstances exist which make restitution inappropriate. The amount of restitution may be up to double my gain or double the victim's loss. The judge may also order that I pay a fine, court costs, attorney fees and the costs of incarceration.

(f)   For crimes committed on or after July 1, 2000: In addition to sentencing me to

Statement on Plea of Guilty (Non-Sex Offense) (STTDFG)
CrR 4.2(g) (12/2011)

Page 3 of 9

PAULA PLUMER
Attorney at Law
417 West Gates, Suite 1
Mount Vernon, WA 98273
(360) 428-3988

confinement, under certain circumstances the judge may order me to serve up to one year of community custody if the total period of confinement ordered is not more than 12 months, but only if the crime I have been convicted of falls into one of the offense types listed in the following chart. For the offense of failure to register as a sex offender, regardless of the length of confinement, the judge will sentence me for up to 12 months of community custody. If the total period of confinement ordered is more than 12 months, and if the crime I have been convicted of falls into one of the offense types listed in the following chart, the court will sentence me to community custody for the term established for that offense type unless the judge finds substantial and compelling reasons not to do so. If the period of earned release awarded per RCW 9.94A.728 is longer, that will be the term of my community custody. If the crime I have been convicted of falls into more than one category of offense types listed in the following chart, then the community custody term will be based on the offense type that dictates the longest term of community custody.

| OFFENSE TYPE | COMMUNITY CUSTODY TERM |
|---|---|
| Serious Violent Offenses | 36 months |
| Violent Offenses | 18 months |
| Crimes Against Persons as defined by RCW 9.94A.411(2) | 12 months |
| Offenses under Chapter 69.50 or 69.52 RCW (not sentenced under RCW 9.94A.660) | 12 months |
| Offenses involving the unlawful possession of a firearm where the offender is a criminal street gang member or associate | 12 months |

Certain sentencing alternatives may also include community custody.

During the period of community custody I will be under the supervision of the Department of Corrections, and I will have restrictions and requirements placed upon me, including additional conditions of community custody that may be imposed by the Department of Corrections. My failure to comply with these conditions will render me ineligible for general assistance, RCW 74.04.005(6)(h), and may result in the Department of Corrections transferring me to a more restrictive confinement status or other sanctions.

If I violate the conditions of my community custody, the Department of Corrections may sanction me up to 60 days confinement per violation and/or revoke my earned early release, or the Department of Corrections may impose additional conditions or other stipulated penalties. The court also has the authority to impose sanctions for any violation.

(g)     The prosecuting attorney will make the following recommendation to the judge:

**-Serve 60 months in prison**
**-Pay standard legal financial obligations**
**-Pay restitution at a hearing to be held in approximately 45 days, defendant waives his presence at that hearing. He will be represented by attorney Paula Plumer at that hearing.**

---

Statement on Plea of Guilty (Non-Sex Offense) (STTDFG)
CrR 4.2(g) (12/2011)

Page 4 of 9

PAULA PLUMER
Attorney at Law
417 West Gates, Suite 1
Mount Vernon, WA 98273
(360) 428-3988

In exchange for this agreement and the Defendant's unqualified entry of this plea at the next court hearing, the parties agree that
-this resolves all pending felony referrals;
-the prosecutor will dismiss the violation of no contact order charge pending in cause # 11-1-1100-2;
-the prosecutor will not file charges relating to any alleged "shanks" found in his cell at the Skagit county jail or other threats/harassment incidents

[ ] The prosecutor will recommend as stated in the plea agreement, which is incorporated by reference.

(h)    The judge does not have to follow anyone's recommendation as to sentence. The judge must impose a sentence within the standard range unless the judge finds substantial and compelling reasons not to do so. I understand the following regarding exceptional sentences:

(i)    The judge may impose an exceptional sentence below the standard range if the judge finds mitigating circumstances supporting an exceptional sentence.

(ii)   The judge may impose an exceptional sentence above the standard range if I am being sentenced for more than one crime and I have an offender score of more than nine.

(iii)  The judge may also impose an exceptional sentence above the standard range if the State and I stipulate that justice is best served by imposition of an exceptional sentence and the judge agrees that an exceptional sentence is consistent with and in furtherance of the interests of justice and the purposes of the Sentencing Reform Act.

(iv)   The judge may also impose an exceptional sentence above the standard range if the State has given notice that it will seek an exceptional sentence, the notice states aggravating circumstances upon which the requested sentence will be based, and facts supporting an exceptional sentence are proven beyond a reasonable doubt to a unanimous jury, to a judge if I waive a jury, or by stipulated facts.

If the court imposes a standard range sentence, then no one may appeal the sentence. If the court imposes an exceptional sentence after a hearing, either the State or I can appeal the sentence.

(i)    If I am not a citizen of the United States, a plea of guilty to an offense punishable as a crime under state law is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

(j)    I may not possess, own, or have under my control any firearm, and under federal law any firearm or ammunition, unless my right to do so is restored by the court in which I am convicted or the superior court in Washington State where I live, and by a federal court if required. I must immediately surrender any concealed pistol license.

Statement on Plea of Guilty (Non-Sex Offense) (STTDFG)
CrR 4.2(g) (12/2011)

Page 5 of 9

PAULA PLUMER
Attorney at Law
417 West Gates, Suite 1
Mount Vernon, WA 98273
(360) 428-3988

(k)   I will be ineligible to vote until that right is restored in a manner provided by law.  If I am registered to vote, my voter registration will be cancelled.  Wash. Const. art. VI, § 3, RCW 29A.04.079, 29A.08.520.

(l)   Government assistance may be suspended during any period of confinement.

(m)   I will be required to have a biological sample collected for purposes of DNA identification analysis.  I will be required to pay a $100.00 DNA collection fee.

**Notification Relating to Specific Crimes:  *If any of the following paragraphs DO NOT APPLY, counsel and the defendant shall strike them out.  The defendant and the judge shall initial all paragraphs that DO APPLY.***

_____   (n)   This offense is a most serious offense or "strike" as defined by RCW 9.94A.030, and if I have at least two prior convictions for most serious offenses, whether in this state, in federal court, or elsewhere, the crime for which I am charged carries a mandatory sentence of life imprisonment without the possibility of parole.

_____   (o)   The judge may sentence me as a first-time offender instead of giving a sentence within the standard range if I qualify under RCW 9.94A.030.  This sentence could include as much as 90 days' confinement and up to one year of community custody plus all of the conditions described in paragraph (e).  Additionally, the judge could require me to undergo treatment, to devote time to a specific occupation, and to pursue a prescribed course of study or occupational training.

_____   (p)   The judge may sentence me under the Parenting Sentencing Alternative if I qualify under RCW 9.94A.655.  If I am eligible, the judge may order DOC to complete either a risk assessment report or a chemical dependency screening report, or both.  If the judge decides to impose the Parenting Sentencing Alternative, the sentence will consist of 12 months of community custody and I will be required to comply with the conditions imposed by the court and by DOC.  At any time during community custody, the court may schedule a hearing to evaluate my progress in treatment or to determine if I have violated the conditions of the sentence.  The court may modify the conditions of community custody or impose sanctions.  If the court finds I violated the conditions or requirements of the sentence or I failed to make satisfactory progress in treatment, the court may order me to serve a term of total confinement within the standard range for my offense.

_____   (q)   If this crime involves kidnapping involving a minor, including unlawful imprisonment involving a minor who is not my child, I will be required to register where I reside, study or work.  The specific registration requirements are set forth in the "Offender Registration" Attachment.

_____   (r)   If this is a crime of domestic violence, I may be ordered to pay a domestic violence assessment of up to $100.00.  If I, or the victim of the offense, have a minor child, the court may order me to participate in a domestic violence perpetrator program approved under RCW 26.50.150.

_____   (s)   If this crime involves prostitution, or a drug offense associated with hypodermic needles, I will be required to undergo testing for the human immunodeficiency (HIV/AIDS) virus.

_____   (t)   The judge may sentence me under the drug offender sentencing alternative (DOSA) if I qualify under RCW 9.94A.660.  If I qualify and the judge is considering a residential chemical dependency treatment-based alternative, the judge may order that I be examined by DOC before deciding to impose a DOSA sentence.  If the judge decides to impose a DOSA sentence, it could be either a prison-based alternative or a residential chemical dependency treatment-based alternative.

If the judge imposes the prison-based alternative, the sentence will consist of a period of total confinement in a state facility for one-half of the midpoint of the standard range, or 12 months, whichever is greater.  During confinement, I will be required to undergo a comprehensive substance abuse assessment and to participate in treatment.  The judge will also impose a term of community custody of one-half of the midpoint of the standard range.

If the judge imposes the residential chemical dependency treatment-based alternative, the sentence will consist of a term of community custody equal to one-half of the midpoint of the standard sentence range or two years, whichever is greater, and I will have to enter and remain in a certified residential chemical dependency treatment program for a period of *three to six months*, as set by the court.

As part of this sentencing alternative, the court is required to schedule a progress hearing during the period of residential chemical dependency treatment and a treatment termination hearing scheduled three months before the expiration of the term of community custody.  At either hearing, based upon reports by my treatment provider and the department of corrections on my compliance with treatment and monitoring requirements and recommendations regarding termination from treatment, the judge may modify the conditions of my community custody or order me to serve a term of total confinement equal to one-half

Statement on Plea of Guilty (Non-Sex Offense) (STTDFG)
CrR 4.2(g) (12/2011)

Page 6 of 9

PAULA PLUMER
Attorney at Law
417 West Gates, Suite 1
Mount Vernon, WA 98273
(360) 428-3988



of the midpoint of the standard sentence range, followed by a term of community custody under RCW 9.94A.701.

During the term of community custody for either sentencing alternative, the judge could prohibit me from using alcohol or controlled substances, require me to submit to urinalysis or other testing to monitor that status, require me to devote time to a specific employment or training, stay out of certain areas, pay $30.00 per month to offset the cost of monitoring and require other conditions, such as affirmative conditions, and the conditions described in paragraph 6(e). The judge, on his or her own initiative, may order me to appear in court at any time during the period of community custody to evaluate my progress in treatment or to determine if I have violated the conditions of the sentence. If the court finds that I have violated the conditions of the sentence or that I have failed to make satisfactory progress in treatment, the court may modify the terms of my community custody or order me to serve a term of total confinement within the standard range.

_____ (u)   If I am subject to community custody and the judge finds that I have a chemical dependency that has contributed to the offense, the judge may order me to participate in rehabilitative programs or otherwise to perform affirmative conduct reasonably related to the circumstances of the crime for which I am pleading guilty.

_____       (v)   If this crime involves the manufacture, delivery, or possession with the intent to deliver methamphetamine, including its salts, isomers, and salts of isomers, or amphetamine, including its salts, isomers, and salts of isomers, and if a fine is imposed, $3,000 of the fine may not be suspended.  RCW 69.50.401(2)(b).

            (w)   If this crime involves a violation of the state drug laws, my eligibility for state and federal food stamps, welfare, and education benefits may be affected.  20 U.S.C. § 1091(r) and 21 U.S.C. § 862a.

            (x)   I understand that RCW 46.20.285(4) requires that my driver's license be revoked if the judge finds I used a motor vehicle in the commission of this felony.

            (y)   If this crime involves the offense of vehicular homicide while under the influence of intoxicating liquor or any drug, as defined by RCW 46.61.502, committed on or after January 1, 1999, an additional two years shall be added to the presumptive sentence for vehicular homicide for each prior offense as defined in RCW 46.61.5055(14).

_____       (z)   If I am pleading guilty to felony driving under the influence of intoxicating liquor or any drugs, or felony actual physical control of a motor vehicle while under the influence of intoxicating liquor or any drug, in addition to the provisions of chapter 9.94A RCW, I will be required to undergo alcohol or chemical dependency treatment services during incarceration.  I will be required to pay the costs of treatment unless the court finds that I am indigent.  My driving privileges will be suspended, revoked or denied.  Following the period of suspension, revocation or denial, I must comply with ignition interlock device requirements.

_____ (aa)  The crime of Prison Riot has a mandatory minimum sentence of at least **12 months** of total confinement.  This law does not apply to crimes committed on or after July 24, 2005, by a juvenile who was tried as an adult after decline of juvenile court jurisdiction.  The law does not allow any reduction of this sentence.  This mandatory minimum sentence is not the same as the mandatory sentence of life imprisonment without the possibility of parole described in paragraph 6[n].

_____ (bb)  I am being sentenced for two or more serious violent offenses arising from separate and distinct criminal conduct and the sentences imposed on counts _____ and _____ will run consecutively unless the judge finds substantial and compelling reasons to do otherwise.

_____ (cc)  The offense(s) I am pleading guilty to include(s) a Violation of the Uniform Controlled Substances Act in a protected zone enhancement or manufacture of methamphetamine when a juvenile was present in or upon the premises of manufacture enhancement.  I understand these enhancements are mandatory and that they must run consecutively to all other sentencing provisions.

_____ (dd)  The offense(s) I am pleading guilty to include(s) a deadly weapon, firearm, or sexual motivation enhancement.  Deadly weapon, firearm, or sexual motivation enhancements are mandatory, they must be served in total confinement, and they must run consecutively to any other sentence and to any other deadly weapon, firearm, or sexual motivation enhancements.

_____ (ee)  If I am pleading guilty to (1) unlawful possession of a firearm(s) in the first or second degree and (2) felony theft of a

**PAULA PLUMER**
Attorney at Law
417 West Gates, Suite 1
Mount Vernon, WA 98273
(360) 428-3988

firearm or possession of a stolen firearm, I am required to serve the sentences for these crimes consecutively to one another. If I am pleading guilty to unlawful possession of more than one firearm, I must serve each of the sentences for unlawful possession consecutively to each other.

(ff)     If I am pleading guilty to the crime of unlawful practices in obtaining assistance as defined in RCW 74.08.331, no assistance payment shall be made for at least six months if this is my first conviction and for at least 12 months if this is my second or subsequent conviction. This suspension of benefits will apply even if I am not incarcerated. RCW 74.08.290.

(gg)     The judge may authorize work ethic camp. To qualify for work ethic authorization my term of total confinement must be more than twelve months and less than thirty-six months, I cannot currently be either pending prosecution or serving a sentence for violation of the uniform controlled substance act and I cannot have a current or prior conviction for a sex or violent offense

7.     I plead guilty to:

Counts 1, 2, 3, 4, 5, 6 and 7 in the amended information.

8.     I make this plea freely and voluntarily.

9.     No one has threatened harm of any kind to me or to any other person to cause me to make this plea.

10.     No person has made promises of any kind to cause me to enter this plea except as set forth in this statement.

11.     The judge has asked me to state what I did in my own words that makes me guilty of this crime. This is my statement:  In Skagit county, on the dates indicated, I committed the crimes as follows

Count 1  Prison Riot - on March 8-14, 2011, while an inmate in the Skagit county jail, with another inmate that I enlisted, I threatened to use violence and my conduct disrupted the orderly operations of the jail without lawful authority.

Count 2, Bail Jumping – on January 6, 2012, I failed to appear for a hearing in the charge of Prison Riot, after having been personally advised of that court date in court and released on my personal recognizance from jail on the condition that I appear on Jan 6, 2012.

County 3 Identity Theft, on Nov. 1, 2011, I unlawfully possessed the ID of Amber Lynn Osborne in order to aid in the commission of a crime.

Count 4, Possession of Heroin, on Dec. 5, 2011, I knowingly possessed heroin.

Count 5 Theft 3, on Dec. 5, 2011, I stole clothing items from WalMart by attempting to take them from the store without paying for them, they were valued at less than $50.

Count 6, Intimidating a Public Servant – on Feb. 23, 2012, I attempted to influence jail staff  by my behavior and by my threats to kill a deputy corrections officer.

Count 7, Harassment – on Feb. 23, 2012, I repeatedly threatened to kill a jail deputy.

all of the above offenses occured in Skagit county.

Statement on Plea of Guilty (Non-Sex Offense) (STTDFG)
CrR 4.2(g) (12/2011)

Page 8 of 9

PAULA PLUMER
Attorney at Law
417 West Gates, Suite 1
Mount Vernon, WA 98273
(360) 428-3988

[ ] Instead of making a statement, I agree that the court may review the police reports and/or a statement of probable cause supplied by the prosecution to establish a factual basis for the plea.

12.    My lawyer has explained to me, and we have fully discussed, all of the above paragraphs and the "Offender Registration" Attachment, if applicable. I understand them all. I have been given a copy of this "Statement of Defendant on Plea of Guilty." I have no further questions to ask the judge.

_____
Defendant

I have read and discussed this statement with the defendant. I believe that the defendant is competent and fully understands the statement.

_____                    _____
Prosecuting Attorney                               PAULA PLUMER, WSBA #21497
                                                    Attorney for Defendant

The foregoing statement was signed by the defendant in open court in the presence of the defendant's lawyer and the undersigned judge. The defendant asserted that [check appropriate box]:

[✓]  (a)    The defendant had previously read the entire statement above and that the defendant understood it in full;

[✓]  (b)    The defendant's lawyer had previously read to him or her the entire statement above and that the defendant understood it in full; or

[ ]  (c)    An interpreter had previously read to the defendant the entire statement above and that the defendant understood it in full. The Interpreter's Declaration is included below.

I find the defendant's plea of guilty to be knowingly, intelligently and voluntarily made. Defendant understands the charges and the consequences of the plea. There is a factual basis for the plea. The defendant is guilty as charged.

Dated: _____ 4/26/12          _____
                                                    **Judge**

Statement on Plea of Guilty (Non-Sex Offense) (STTDFG)        PAULA PLUMER
CrR 4.2(g) (12/2011)                                          Attorney at Law
                                                             417 West Gates, Suite 1
Page 9 of 9                                                  Mount Vernon, WA 98273
                                                             (360) 428-3988

JEANNE YOUNGQUIST - ADMIN. BUILDING- RM 201
700 SOUTH SECOND ST.
MOUNT VERNON, WA     CLAIM FOR DAMAGES

NOTICE: Claims should be filed as soon as possible after the alleged injury or damage.

### TO THE AUDITOR OF SKAGIT COUNTY

PLEASE TAKE NOTICE ___Bruce Leroy Spangler___
(Please print first, middle, and last name)

WHO NOW RESIDES AT ___1000 S. 3rd Street Mt Vernon WA 98237 SCJ G7___
(State present actual residence by road, number and city)

PHONE NUMBER with AREA CODE (Residential)_____ (Business)_____

NOTE: Please state any other address at which you have resided in the six months prior to your claim, other than the address noted above: ___943 APT #2 Sedro-Wolley WA. 98284___

CLAIM FOR DAMAGES OF AND FROM THE COUNTY OF SKAGIT IN THE SUM OF $ _25,000_
arising out of the following circumstances:

### PLEASE ANSWER ALL THE QUESTIONS BELOW

What happened? (Vehicle accident, slip/fall, etc.) _extreme Mental Anguish & Damages_

Why do you feel the County is responsible? (Accurately locate and describe defects causing injury or damage and all acts for negligence claimed.) _I am only allowed law Book once a week for 60 min 1 day until 7AM-7PM Severely hampering my legal defense & causing me mental Breakdowns_

Where? (Location, as closely as possible by road name, address, city and state.) _Mt Vernon WA. 1000 S 3rd St. 98237 Skagit County Jail_

When? (Date and time?) _January 12th to Feb. 19 2012_

Witnesses (Please give full name and address(es) _Jesse Dean Lederle © Keisha Jennings, Lacy Ruddell, Patrick Beisler, Mike Rich, Terrance Irby, Paul Lomeneth C-10 the Segreg_

Below, accurately describe injuries sustained or items of damage claimed. Itemize all expenses and losses.

_Extreme psychological duress & Strife / loss of freedom. Sleep deprivation altered mental state & paranoia. Due to facing 8 felony Charges & am only allowed 1 day a week w/Book! I need to provide a proper defense Trial I am incapable of doing & it driving me to mental Breakdowns & extreme state of duress migraines & Altered mental states._

### THIS FORM MUST BE CERTIFIED UNDER PENALTY OF PERJURY IN ORDER TO BE ACCEPTED

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

___February 19, 2012 AD___
(Date and Place (City, State))

___Bruce L Spangler___
Signature

Revised 7/10/07

EXHIBIT 9

1
2
3
4
5
6
7
8                                         THE HON. BRIAN A. TSUCHIDA

9                         THE UNITED STATES DISTRICT COURT
10                      THE WESTERN DISTRICT OF WASHINGTON
                                         AT SEATTLE
11
    ARLEN LEE LOPEZ,                     )        NO.  CV08-992-RSL- BAT
12                                       )
              Plaintiff,                 )
13      vs.                              )        DECLARATION OF GARY SHAND
                                         )
14                                       )
    SKAGIT COUNTY, SKAGIT                )
15  COUNTY JAIL, and                     )
    CHIEF GARY SHAND,                    )
16                                       )
              Defendants.                )
17  _____ )

18

19        I, GARY SHAND, declare as follows:

20        That I am over the age of 18 years, and competent to be a witness herein;

21        I am Chief Corrections Deputy for Skagit County Jail and have held this position

22  since 2003.  I am 58 years of age and retired from the Washington State Patrol with the

23  rank of lieutenant after 29 years' service.

24

25        In my position as Skagit County Chief Corrections Deputy, I am responsible for

26  policy formulation and the day-to-day operation of the jail. I am also the chief custodian

27  of all records regarding training, inmate records of all kinds, jail incident reports, and etc.

28  DECLARATION OF GARY SHAND              SKAGIT COUNTY PROSECUTING ATTORNEY
    Page 1                                        605 S. 3RD ST. -- Courthouse Annex
                                                       Mount Vernon, WA 98273
                                                     Phone:  (360) 336-9460
                                                     Fax:    (360) 336-9497

                              Exhibit 10

My primary concerns in the operation of the Skagit County Jail are the security of the facility and the well-being of the inmates.

A pretrial detainee acting pro se is a rare occurrence at Skagit County Jail and the plaintiff was perhaps the second inmate to do so during my tenure as Chief of Corrections.

When I was informed that the Superior Court had agreed to allow Mr. Lopez to act pro se, I was aware that each individual pro se inmate's circumstances are given individual consideration by the Court, as to what is required to be provided to them. I drafted a one-page document which contained what I believed would be the major issues involved with Mr. Lopez acting pro se and had it delivered to Mr. Lopez on or about September 4, 2007. (See **Attachment 1**)

I subsequently learned that one of the Superior Court judges had decided to allow Lopez to have personal access to the County Law Library in addition to being permitted to order law books and materials from the Law Library to be delivered to him in the jail. Therefore, I was not surprised to see that provision contained within the handwritten "counter-proposal" Mr. Lopez drafted and sent back to me.

Mr. Lopez's list of conditions for his incarceration during his time as pro se was more extensive than that which I had drafted, but there were only two issues which I felt that I had to veto on the basis of security concerns. I struck those items off the Lopez document and initialed the changes. We met face to face to discuss these. Mr. Lopez had been in C-pod before and knew exactly which cell in C-pod he wanted. It is specified in his handwriting, **Attachment 2**. The determination that Lopez was required

DECLARATION OF GARY SHAND
Page 2

SKAGIT COUNTY PROSECUTING ATTORNEY
605 S. 3RD ST. – Courthouse Annex
Mount Vernon, WA 98273
Phone: (360) 336-9460
Fax:    (360) 336-9497

1   to wear handcuffs while visiting the public law Library was in my view absolutely

2   necessary. The Law Library is situated on the first floor of the County courthouse and is

3   a public facility. There are several easy and quick routes from the library to the outside

4   of the Courthouse and a determined inmate would have had a much easier time

5   escaping if not handcuffed. With the document we agreed upon, I felt that we had done

6   the best we could given the conflicting requirements of Mr. Lopez's rights and the

7   security requirements of the facility. (See **Attachment 2**)

8

9        Following my agreement, with the noted modifications, of Mr. Lopez's proposed

10  conditions, I drafted an e-mail and sent it to all my sergeants explaining in detail what

11  Lopez was entitled to and how to accommodate him. I am also aware that a copy of

12  this e-mail was disseminated to every Skagit County Jail employee by one of my

13  sergeants, Randy Parker, who had had some direct personal contact with Lopez during

14  the time the terms of the agreement were being discussed. (See **Attachment 3**)

15

16       Mr. Lopez was transferred to C-pod on September 13, 2007, and was given

17  precisely the cell he had requested, C-6. He remained there until October 17, 2007, a

18  period of five weeks. During that time Lopez sent out several requests, complaints and

19  grievances concerning aspects of the conditions of his confinement in C-pod. They are

20  mostly concerned with a need for more materials, requests for more library time and

21  similar. Once he complained of having not been able to attend religious services, and

22  once he complained of being out of his cell only 20 minutes in one 24 hour period.

23

24       The response to Mr. Lopez concerning religious services was to the effect that

25  people who offer their time for that purpose are volunteers and sometimes they don't

26

27

28  DECLARATION OF GARY SHAND
    Page 3

SKAGIT COUNTY PROSECUTING ATTORNEY
605 S. 3RD ST. -- Courthouse Annex
Mount Vernon, WA 98273
Phone: (360) 336-9460
Fax:   (360) 336-9497

show up, or have to leave early. The incident that caused him to have only 20 minutes out of his cell was due to a general power failure affecting the entire jail.

The Skagit County Jail was opened in 1984 with a design maximum of 84 inmates. Since that time, twice that number of inmates at any given time is not unusual. Many modifications and remodels have been done in the jail to make more space. For example, some recreational areas have been converted to inmate housing and laundry to allow for an expanded kitchen area. All the space in the jail is put to maximum use, leaving no additional space to create any such things as study hall-type cells where a pro se plaintiff might find an atmosphere more conducive to the learning and practice of law.

The Skagit County jail has four pods for the male general population. Pods A, B, D, and E are double-bunked, with at least two inmates in each cell. All the inmates in these pods are allowed into the day area at the same time. there is no privacy for studying or to store sensitive information in any of these general population pods nor is there anyway to keep inmates therein from sharing anything.

The best the jail has to offer for pro se pretrial detainees is C-pod. C-pod is a segregation pod with single occupancy cells and no general intermingling of inmates permitted. This necessitates individuals being let out of their cells for showers and exercise separately.

C-pod is used for the housing of both disciplinary segregation and administrative segregation. Those in disciplinary segregation are serving time for infractions, which are violations of jail rules. Inmates in disciplinary segregation are permitted out of their cells for one hour in 48. Those held in administrative segregation may be there for any

DECLARATION OF GARY SHAND
Page 4

SKAGIT COUNTY PROSECUTING ATTORNEY
605 S. 3RD ST. -- Courthouse Annex
Mount Vernon, WA 98273
Phone: (360) 336-9460
Fax:    (360) 336-9497

1  number of reasons, including protective custody and occasionally to keep pretrial

2  detainee co-defendants separated, in addition to those inmates acting pro se. Such

3  administrative segregation inmates are ordinarily able to be out of their cells one hour

4  daily. Space and manpower limitations do not permit more. Plaintiff, as a pro se, was

5  out of his cell more often than others in administrative segregation in order to visit the

6  library, use the telephone, attend AA and NA meetings, legal and family visits, and

7  otherwise take advantage of opportunities in the preparation of his defense as

8  necessary.

9

10      It is because this pro se pretrial detainee had opportunities to leave the jail to visit

11  the law library, and also was permitted to keep in his cell many items which would be

12  considered contraband in the general population that he could not be housed in with the

13  general population. In addition to items which are by common knowledge "contraband"

14  in a jail, such as weapons and drugs, other things such as money and books not

15  obtained through the jail's reading library are also deemed contraband. Essentially,

16  anything not provided to an inmate by the jail or purchased by him in the jail

17  commissary is contraband.

18

19      The dangers presented by the introduction of contraband items into the general

20  population cannot be overestimated. Anything metal is of great concern, including

21  binders, staples, metal clips, etc. which make a litigator's job easier but could be

22  fashioned into a weapon by a patient inmate.  Drugs are also a significant threat. It is

23  not difficult to imagine an inmate with extensive telephone privileges asking an outside

24  accomplice to place drugs in particular volumes in the public law library for the inmate

25  with access to retrieve. The best that can be done to eliminate a pro se inmate as a

DECLARATION OF GARY SHAND
Page 5

SKAGIT COUNTY PROSECUTING ATTORNEY
605 S. 3RD ST. – Courthouse Annex
Mount Vernon, WA 98273
Phone:  (360) 336-9460
Fax:     (360) 336-9497

source of contraband entering a facility for further distribution within the facility is to place the pro se inmate in the only place that is both secure and somewhat more intensively managed than any other location in the jail.

At one point, plaintiff complained of not having efficient outgoing mail service. Inmates all know that in order to send out mail they need only pass the item to be mailed through the door or under the door for the roving corrections deputy to pick up. The pod doors which allow entry to the roving corrections deputy are opened electronically from the North Control room. When a pod door is opened it is very noisy. Thus inmates are alerted to the fact that a corrections deputy is in the pod and can prepare to pass out their mail or speak to the deputy for any other purpose, such as to request a "kite" form with which to make requests, register complaints, file grievances, etc. **See e.g., Attachment 4.**

A corrections deputy enters C-pod at least hourly 24 hours a day and checks each cell in the pod. Close records are kept and those records reflect the time that Mr. Lopez was in C-pod.

The Jail Event Summary Report at **Attachment 4** demonstrates that the "north rover" has inspected each of the five pods in the north end of Skagit County Jail every hour, 24 hours a day from November 13, 2007 to October 17, 2007, the inclusive dates Plaintiff was in C-pod. To enter C-pod, the rover must signal the deputy in North Control to open the C-pod door so that he can enter the pod and walk by each of the ten cells in C-pod and look in on the inmate in each cell.

**Attachment 5** shows each incidence that Mr. Lopez was in C-pod during what other records show were several bookings into Skagit County Jail. It can be noted from

DECLARATION OF GARY SHAND
Page 6

SKAGIT COUNTY PROSECUTING ATTORNEY
605 S. 3RD ST. – Courthouse Annex
Mount Vernon, WA 98273
Phone: (360) 336-9460
Fax:     (360) 336-9497

1  this document Mr. Lopez was placed in C-pod segregation on April 10, 2007, and was

2  housed in cell C-6.  This also shows that on September 13, 2007, at the time Lopez was

3  allowed by Superior Court to go pro se in defense of his criminal charges, he was again

4  transferred into C-6. The next entry on October 13, 2007, shows Mr. Lopez was

5  transferred within C-pod from C-6 to C-5.  Four days later, on October 17, 2007, Mr.

6  Lopez was transferred out of C-pod and back into general population.

7

8

9        I certify under penalty of perjury under the laws of the State of Washington that

10  the foregoing is true and correct.

11

12  EXECUTED at Mount Vernon, Washington, this 3ᵣᵈ day of Aug          ,

13  2009.

14

15                    GARY SHAND, Declarant

16

17

18

19

20

21

22

23

24

25

26

27

28  DECLARATION OF GARY SHAND
    Page 7                                    SKAGIT COUNTY PROSECUTING ATTORNEY
                                              605 S. 3RD ST. -- Courthouse Annex
                                              Mount Vernon, WA 98273
                                              Phone:  (360) 336-9460
                                              Fax:      (360) 336-9497

FILED
SKAGIT COUNTY CLERK
SKAGIT COUNTY, WA

2012 APR 18 PM 2:46

MB

IN THE *Superior* COURT OF THE *State of Washington*
IN AND FOR *Skagit County*

*Washington State*,

Plaintiff/Petitioner,

vs.

*Bryce L Spangler*,

Defendant/Respondent.

Case No. *11-1-00472-7*

MOTION FOR *Conflicting*
*Ait Standbye Council*
( ) SOME ACTION REQUIRED

I.

COMES NOW ~~the~~ *Pro Se Bryce L Spangler*, and moves the court for an order *To dismiss the current ineffective Standbye Council due To Conflict of interests, irreconcilable differences, & ineffective assistance of Council in her Standbye Capacity.*

*I am demanding my Constitutional right To defend myself Completely by myself. Faretta V California (422 US 807) 45 L Ed 2d (1975)... the question is whether*

Pg. 1 of

Exhibit 11

Pg 2

a State may constitutionally hale a person into there Criminal Courts & There force a lawyer upon him, even when he insists That he wants To Conduct his own defence... We have Concluded that a State may not do so"

I am insisting and making my own defence without Standbye due to the many prejudicial Comments made about me on record To the court about my aims & capacity To Conduct mis defence.

Faretta 422 US 813 infera pg 569 L Ed 2d

In The federal Courts The right of Self representation has ben protected by Statute Since the begining of our nation Section 35 of The Judiciary Act of 1789, 1 Stat 73, 92 enacted by The first Congress & Signed by president Washington one day

Pg 3

Before the 6th Amendment was proposed provided that in all the Courts of the united States, the parties may plead & manage their own cases personally or by the assistance of Counsel. The right is currently Codified in 28 USC § 1654 [28 USCS § 1654] Obviously the framers of our Constitution & the forefathers of our great Country obviously agreed By president Washingtons Signature That The right to self representation is a fundamental right to the Citizens of the new Country they ruled. In Adams V. united States ex rel. McCann 314 US 269, 279, 87 L Ed. 268 63 S.Ct. 236 143 AlR 435, The Court recognized that the 6th Amendment right to the Assistance of Council implicitly embodies a correlative right

PG 4

To defense with a lawyers help".

I am Requesting an order to diffence w/my Standbys help due to the loss of Trust in her & due to her standerous remarks made about me.

Faretta V. California 422 US 817 45 Led 2d SCt. 2525 "Forcing a lawyer upon an unwilling defendent if Contrary to his basic right to defend himself if he truly wants to do so"

faretta Infera 422 US 820 pg 573 "The language & Spirit of the 6th amendment Contemplate that Counsel, like the other defence tools gaurenteed by the Amendment Shall be an aid to a willing defender. Not an organ of the State interposed between an unwilling defendent & his right to defend himself personally. To thrust Counsel upon the acused, against his Considered wish thus Violates the logic of the Amendment"

PG 5

Faretta 422 US 820 infera pg 573 An unwanted Counsel "represents" the defendant only Through a Tenuos & unacceptible Legal fiction unless The accused has Acquiesed in such representation, the defense presented if not the defense Gauranteed him by the Constitution for in a verry real Sense it is not his defence."

In this case my standbye does not help, call Come To see me or have time To do any of The Things I ask. And continuosly undermines my Strategy basicly I cant conduct a meaningful Adequate or efective defence when I constially have To Wonder if my standbye will stab me in The back at every hearing.

Fiat Justitia, Ruat Coelum
Pro Se
Bye L. [signature]      4/14/12